**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION**

In re:

| | |
|---|---|
| **VPH PHARMACY, INC.** | **Chapter 11** |
| Debtor | **Case No. 17-30077** |
| | **Hon. Daniel S. Opperman** |

## NOTICE OF REMOVAL FROM OAKLAND COUNTY CIRCUIT COURT

NOW COMES, Amee Patel, Canalis Medical Pharmacy, LLC, Derosa Group, Inc., Wellcare Consulting & Management, Inc., Northwest Partners, LLC d/b/a Beaconshire Nursing Centre, Metro Man I, Inc., d/b/a Westwood Nursing Center and The Wellcare Group, LLC d/b/a Chesaning Nursing and Rehabilitation Center (collectively referred to as the "Amee Patel Parties"), and for their Notice of Removal, say as follows:

1.      VPH Pharmacy, Inc.  filed a Voluntary Petition for relief under 11 U.S.C. § 1101, *et. seq*., with the United States Bankruptcy Court for the Eastern District of Michigan as case number 17-30077.

2.      Prior to such filing, Vincent Howard (the "Plaintiff") filed a Complaint in the Circuit Court for the County of Oakland in the state of Michigan, Case No. 2016-154989-CB (the "State Court Action") against the Debtor and also named as Defendants Amee Patel, Canalis Medical Pharmacy, LLC, Derosa Group, Inc., Wellcare Consulting & Management, Inc., Northwest Partners, LLC d/b/a Beaconshire Nursing Centre, Metro Man I, Inc., d/b/a Westwood Nursing Center and The Wellcare Group, LLC d/b/a Chesaning Nursing and Rehabilitation Center, collectively referred to as the "Amee Patel Parties."

3.      Pursuant to Fed. R. Bankr. P. 9027 and 28 U.S.C. § 1452(a), a party may remove the State Court Action to this Court, and under Fed. R. Bankr. P. 9027(a)(2), this Notice of Removal is timely.

4.     The State Court Action is a core proceeding under 28 U.S.C. § 157(b)(2), in which the United States Bankruptcy Court may enter a final order and judgment, because it involves: proceedings to determine, avoid, or recover fraudulent transfers; matters concerning the administration of the estate; allowance and disallowance of claims against the estate; estimation of claims or interests for the purposes of confirming a plan under Chapter 11; and effects the liquidation of the assets of the estate, including effecting any potential sale of the assets of the Debtor.

5.     To the extent this Court may determine the State Court Action is a non-core proceeding, the Amee Patel Parties consent to the entry of a final order or judgment by this Court.

6.     As required by Fed. R. Bankr. P. 9027(a)(1), copies of all process and pleadings in the State Court Action are attached as Exhibits 1-20 hereto.

WHEREFORE, the Amee Patel Parties hereby remove this matter from the Oakland County Circuit Court to this United States Bankruptcy Court for the Eastern District of Michigan Southern Division.

Respectfully submitted,

/s/Jerome D. Frank_____
Jerome D. Frank (P13634)
Attorney for Amee Patel Parties
30833 Northwestern Hwy., Suite 205
Farmington Hills, MI 48334
(248) 932-1440
Dated:  January 17, 2017

# EXHIBIT LIST

1.  09/12/16    Summons for all parties.

2.  09/19/16    First Amended Verified Complaint to Set Aside Fraudulent Conveyances and for Damages and other Relief.

3.  09/19/16    Vincent Howard's Verified Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction.

4.  09/20/16    ExParte Temporary Restraining Order and Order to Show Cause.

5.  09/23/16    Corrected Emergency Ex-Parte Motion for Order Clarifying ExParte Temporary Restraining Order and Order to Show Cause

6.  09/26/16    Return of Summons for Amee Patel, Northwest Partners, LLC, The WellCare Group, LLC, Derosa Group, Inc., Deven Patel, The Dinovelli Group, Inc., Dynamic Consulting & Staffing Services, Inc., Legacy Two Holdings, LLC, Metro Man I, Inc., The Reliance Group, Inc., The Rosetta Group, Inc., Shabhana Patel c/o Jabin Young Manager, VPH Pharmacy, Inc.,Wellcare Consulting & Management, Inc.,

7.  09/27/16    Plaintiff's Motion to Seal Certain Exhibits to Previously-Filed Documents with Notice of Hearing

8.  09/28/16    Stipulated Order Clarifying and Modifying ExParte Temporary Restraining Order

9.  09/28/16    Order Modifying ExParte Temporary Restraining Order

10. 09/29/16    Stipulated Preliminary Injunction

11. 10/11/16    Answer to First Amended Complaint and Affirmative Defenses by Amee Patel, Canalis Medical Pharmacy, LLC, Derosa Group, Inc., Wellcare Consulting & Management, Inc., Northwest Partners, LLC d/b/a Beaconshire Nursing Centre, Metro Man I, Inc., d/b/a Westwood Nursing Center and The Wellcare Group, LLC d/b/a Chesaning Nursing and Rehabilitation Center.

12. 10/12/16    Defendants Deven Patel; VPH Pharmacy, Inc.; Dynamic Consulting & Staffing Services, Inc.; The Rosetta Group, Inc.; The Reliance Group, Inc. d/b/a Reliance Pharmacy; The Dinovelli Group, Inc.; Trinity Pharmacy, LLC; and Legacy Two Holdings, LLC's Answer to First Amended Complaint.

13. 11/16/16    Stipulated Order to Seal

14.   11/18/16   Defendants, Shabhana Patel and Nandan Patel's Answer to First Amended Complaint, together with Affirmative Defenses and other Responses and Proof of Service

15.   11/29/16   Stipulated Order regarding November 7, 2016 Garnishments

16.   12/05/16   Counter-Defendant Deven Patel and Third Party Defendants Shabhana Patel and Nandan Patel's Motion for Summary Disposition Pursuant to MCR 2.116(C)(9) and (C)(10) and First and Second Affirmative Defenses

17.   12/07/16   Order re: Motion to Dismiss Claims and Setting Aside Order to Consolidate

18.   12/21/16   Order (denying Motion and permitting Howard to proceed with enforcement – handwritten).

19.   01/12/17   Vincent Howard's Motion to Appoint Receiver

20.   01/13/17   VPH Pharmacy, Inc.'s Response to Motion to Appoint Receiver.

# Exhibit 1

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court | 2nd copy - Plaintiff |
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | SUMMONS AND COMPLAINT | 2016-154989-CB |
| **6TH JUDICIAL CIRCUIT** | | |
| **COUNTY PROBATE** | | JAMES M. ALEXANDER |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**

(248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | VPH PHARMACY, INC.<br>c/o AMEE PATEL, Resident Agent<br>5376 Miller Road<br>Swartz Creek, MI 48473 |

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | SWARTZ CREEK, GENESEE COUNTY, MICHIGAN |

| Place where action arose or business conducted |
|---|
| OAKLAND COUNTY, MICHIGAN |

| 09/09/2016 | /s/ Alexander Stotland |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (5/15)   **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.

Date

My commission expires: _____ Signature: _____

Date                                                                Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

on behalf of _____

Signature

Approved, SCAO

Original - Court     2nd copy - Plaintiff
1st copy - Defendant    3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2016-154989-CB<br>JAMES M. ALEXANDER |
|---|---|---|

**Court address**
1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**
(248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s).<br>VINCENT HOWARD | v | Defendant's name(s), address(es), and telephone no(s).<br>DEVEN PATEL<br>46036 Michigan Avenue, #108<br>Canton, MI 48188 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

*(left margin, rotated:)* Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 12 2016 | This summons expires<br>DEC 09 2016 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>2015-148851-CB | Judge<br>JAMES M. ALEXANDER | Bar no.<br>P23289 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>OXFORD, OAKLAND COUNTY, MICHIGAN | Defendant(s) residence (include city, township, or village)<br>CANTON, WAYNE COUNTY, MICHIGAN |
|---|---|

Place where action arose or business conducted
OAKLAND COUNTY, MICHIGAN

09/09/2016
Date

/s/ Alexander Stotland
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. 2016-154989-CB |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
Day, date, time

on behalf of _____

Signature

Approved, SCAO

Original - Court    2nd copy - Plaintiff
1st copy - Defendant    3rd copy - Return

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 2016-154989-CB<br>JAMES M. ALEXANDER |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341     **Court telephone no.** (248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | AMEE PATEL<br>46036 Michigan Avenue, #108<br>Canton, MI 48188 |

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | CANTON, WAYNE COUNTY, MICHIGAN |

Place where action arose or business conducted
OAKLAND COUNTY, MICHIGAN

09/09/2016        /s/ Alexander Stotland

Date        Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/13) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
|---|

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____

_____
Signature

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
| JUDICIAL DISTRICT | | 2016-154989-CB |
| 6TH JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | JAMES M. ALEXANDER |

Court address
1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

Court telephone no.
(248) 858-1000

Plaintiff's name(s), address(es), and telephone no(s).

VINCENT HOWARD

v

Defendant's name(s), address(es), and telephone no(s).

CANALIS MEDICAL PHARMACY, LLC
c/o Vinodbhai Patel, Resident Agent
200 Arnet Street, Suite 130
Ypsilanti, MI 48198

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| OXFORD, OAKLAND COUNTY, MICHIGAN | YPSILANTI, WASHTENAW COUNTY, MICHIGAN |

Place where action arose or business conducted
OAKLAND COUNTY, MICHIGAN

09/09/2016
Date

/s/ Alexander Stotland
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (1/5) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
| --- |

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
| --- | --- | --- | --- |
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
　　　　　　　　　　　　　　　　　　　　Date

My commission expires: _____ Signature: _____
　　　　　　　　　　　　Date　　　　　　　　　　　　　Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| **ACKNOWLEDGMENT OF SERVICE** |
| --- |

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
　　　　　　　　　　　　　　　　　　　　Day, date, time

on behalf of

_____

Signature

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | 2016-154989-CB |
| 6TH JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | JAMES M. ALEXANDER |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**

(248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | DEROSA GROUP, INC.<br>c/o Amee Patel, Resident Agent<br>5376 Miller Road<br>Swartz Creek, MI 48473 |

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | SWARTZ CREEK, GENESEE COUNTY, MICHIGAN |

| Place where action arose or business conducted |
|---|
| OAKLAND COUNTY, MICHIGAN |

09/09/2016
Date

/s/ Alexander Stotland
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (1/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

**TO PROCESS SERVER:**  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
| --- | --- | --- | --- |
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____

Signature

Approved, SCAO

Original - Court    2nd copy - Plaintiff
1st copy - Defendant    3rd copy - Return

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2016-154989-CB<br>JAMES M. ALEXANDER |
|---|---|---|

**Court address**
1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**
(248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s).<br>VINCENT HOWARD | v | Defendant's name(s), address(es), and telephone no(s).<br>WELLCARE CONSULTING & MANAGEMENT, INC.<br>c/o Amee Patel, Resident Agent<br>27950 Orchard Lake Road, Suite 112<br>Farmington Hills, MI 48334 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 12 2016 | This summons expires<br>DEC 09 2016 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>2015-148851-CB | Judge<br>JAMES M. ALEXANDER | Bar no.<br>P23289 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>OXFORD, OAKLAND COUNTY, MICHIGAN | Defendant(s) residence (include city, township, or village)<br>FARMINGTON HILLS, OAKLAND COUNTY, MICHIGAN |
|---|---|

Place where action arose or business conducted
OAKLAND COUNTY, MICHIGAN

09/09/2016
Date

/s/ Alexander Stotland
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ |  | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.

Date

My commission expires: _____ Signature: _____

Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

on behalf of

Signature

Approved, SCAO

Original - Court     2nd copy - Plaintiff
1st copy - Defendant     3rd copy - Return

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2016-154989-CB<br>JAMES M. ALEXANDER |
|---|---|---|

**Court address**
1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**
(248) 858-1000

**Plaintiff's name(s), address(es), and telephone no(s).**
VINCENT HOWARD

v

**Defendant's name(s), address(es), and telephone no(s).**
THE ROSETTA GROUP, INC.
c/o Deval Patel, Resident Agent
46036 Michigan Avenue, Suite 108
Canton, MI 48188

**Plaintiff's attorney, bar no., address, and telephone no.**
ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS**    **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 12 2016 | This summons expires<br>DEC 09 2016 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no.<br>2015-148851-CB | Judge<br>JAMES M. ALEXANDER | Bar no.<br>P23289 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>OXFORD, OAKLAND COUNTY, MICHIGAN | Defendant(s) residence (include city, township, or village)<br>CANTON, WAYNE COUNTY, MICHIGAN |
|---|---|

| Place where action arose or business conducted<br>OAKLAND COUNTY, MICHIGAN | |
|---|---|

09/09/2016
**Date**

/s/ Alexander Stotland
**Signature of attorney/plaintiff**

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (1/17) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| PROOF OF SERVICE | | SUMMONS AND COMPLAINT |
|---|---|---|
| | | Case No. 2016-154989-CB |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 2016-154989-CB<br>JAMES M. ALEXANDER |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**

(248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | THE RELIANCE GROUP, INC. d/b/a RELIANCE PHARMACY<br>c/o Amee Patel, Resident Agent<br>46036 Michigan Avenue, Suite 108<br>Canton, MI 48188 |

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 12 2016 | This summons expires<br>DEC 09 2016 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>2015-148851-CB | Judge<br>JAMES M. ALEXANDER | Bar no.<br>P23289 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>OXFORD, OAKLAND COUNTY, MICHIGAN | Defendant(s) residence (include city, township, or village)<br>CANTON, WAYNE COUNTY, MICHIGAN |
|---|---|

| Place where action arose or business conducted<br>OAKLAND COUNTY, MICHIGAN | |

09/09/2016
_____
Date

/s/ Alexander Stotland
_____
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| PROOF OF SERVICE | **SUMMONS AND COMPLAINT**<br>Case No. 2016-154989-CB |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

|  | OR |  |
|---|---|---|
| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | ☐ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

on behalf of _____

Signature

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
|---|---|
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS AND COMPLAINT** | 2016-154989-CB |
| 6TH **JUDICIAL CIRCUIT** | | JAMES M. ALEXANDER |
| **COUNTY PROBATE** | | |

**Court address**
1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**
(248) 858-1000

**Plaintiff's name(s), address(es), and telephone no(s).**
VINCENT HOWARD

v

**Defendant's name(s), address(es), and telephone no(s).**
LEGACY TWO HOLDINGS, LLC
c/o Deven Patel, Resident Agent
46036 Michigan Avenue, Suite 108
Canton, MI 48188

**Plaintiff's attorney, bar no., address, and telephone no.**
ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | CANTON, WAYNE COUNTY, MICHIGAN |

| Place where action arose or business conducted |
|---|
| OAKLAND COUNTY, MICHIGAN |

09/09/2016
**Date**

/s/ Alexander Stotland
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

MC 01 (3/13) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                 Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of

Signature

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | SUMMONS AND COMPLAINT | 2016-154989-CB |
| 6TH JUDICIAL CIRCUIT | | JAMES M. ALEXANDER |
| COUNTY PROBATE | | |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

**Court telephone no.**

(248) 858-1000

**Plaintiff's name(s), address(es), and telephone no(s).**

VINCENT HOWARD

v

**Defendant's name(s), address(es), and telephone no(s).**

DYNAMIC CONSULTING & STAFFING SERVICES, INC.
c/o Deven Patel, Resident Agent
27950 Orchard Lake Road, Suite 110
Farmington Hills, MI 48334

**Plaintiff's attorney, bar no., address, and telephone no.**

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | FARMINGTON HILLS, OAKLAND COUNTY, MICHIGAN |

| Place where action arose or business conducted |
|---|
| OAKLAND COUNTY, MICHIGAN |

| 09/09/2016 | /s/ Alexander Stotland |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (1/75) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

2016-154989-CB Filed 09/12/16 Entered 01/17/17 15:39:57 Page 25 of 119

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ |  | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.

Date

My commission expires: _____ Signature: _____

Date                                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

on behalf of _____

Approved, SCAO

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2016-154989-CB<br>JAMES M. ALEXANDER |
|---|---|---|

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

Court telephone no.

(248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | THE DINOVELLI GROUP, INC.<br>c/o Deven Patel, Resident Agent<br>48483 Antique Road<br>Canton, MI 48187 |

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 12 2016 | This summons expires<br>DEC 09 2016 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>2015-148851-CB | Judge<br>JAMES M. ALEXANDER | Bar no.<br>P23289 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>OXFORD, OAKLAND COUNTY, MICHIGAN | Defendant(s) residence (include city, township, or village)<br>CANTON, WAYNE COUNTY, MICHIGAN |
|---|---|
| Place where action arose or business conducted<br>OAKLAND COUNTY, MICHIGAN | |

09/09/2016

Date

/s/ Alexander Stotland

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

MC 01 (7/13) SUMMONS AND COMPLAINT MCL 0.07/17/17B)(1), MCR2.00(0.07/17/17/105, MCR 2.107, MCR 2.113(C)(2)(a)(b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                                 Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

Approved, SCAO

Original - Court     2nd copy - Plaintiff
1st copy - Defendant    3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | 2016-154989-CB |
| 6TH JUDICIAL CIRCUIT | | JAMES M. ALEXANDER |
| COUNTY PROBATE | | |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341      Court telephone no. (248) 858-1000

**Plaintiff's name(s), address(es), and telephone no(s).**

VINCENT HOWARD

     v

**Defendant's name(s), address(es), and telephone no(s).**

TRINITY PHARMACY, LLC
c/o Rajesh Patel, Resident Agent
17330 Northland Park Ct, Suite 100A
Southfield, MI 48075

**Plaintiff's attorney, bar no., address, and telephone no.**

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C]).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT Court.

The action ☑ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | SOUTHFIELD, OAKLAND COUNTY, MICHIGAN |

**Place where action arose or business conducted**

OAKLAND COUNTY, MICHIGAN

09/09/2016
Date

/s/ Alexander Stotland
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (1/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11) MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No.  2016-154989-CB |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.

Date

My commission expires: _____ Signature: _____

Date                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

_____ on behalf of _____

Signature

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS AND COMPLAINT** | 2016-154989-CB |
| 6TH **JUDICIAL CIRCUIT** | | JAMES M. ALEXANDER |
| **COUNTY PROBATE** | | |

Court address

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

Court telephone no.

(248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | NORTHWEST PARTNERS, LLC d/b/a BEACONSHIRE NURSING CENTRE<br>c/o Amee Patel<br>21630 Hessel Avenue<br>Detroit, MI 48219 |

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date.  This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | DETROIT, WAYNE COUNTY, MICHIGAN |

| Place where action arose or business conducted |
|---|
| OAKLAND COUNTY, MICHIGAN |

09/09/2016

Date

/s/ Alexander Stotland

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                              Date

My commission expires: _____ Signature: _____
                              Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                                                      Day, date, time

_____ on behalf of _____
Signature

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

Approved, SCAO

Original - Court    2nd copy - Plaintiff
1st copy - Defendant    3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | 2016-154989-CB |
| 6TH JUDICIAL CIRCUIT | | JAMES M. ALEXANDER |
| COUNTY PROBATE | | |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341

Court telephone no. (248) 858-1000

Plaintiff's name(s), address(es), and telephone no(s).

VINCENT HOWARD

v

Defendant's name(s), address(es), and telephone no(s).

METRO MAN I, INC.
c/o Deven Patel, Resident Agent
27950 Orchard Lake Road, Suite 112
Farmington Hills, MI 48334

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | FARMINGTON HILLS, OAKLAND COUNTY, MICHIGAN |

Place where action arose or business conducted
OAKLAND COUNTY, MICHIGAN

09/09/2016
Date

/s/ Alexander Stotland
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (1/13) SUMMONS AND COMPLAINT MCL 7.12(B), (F); MCR 2.102(B), (C), (E), (F); MCR 2.104; MCR 2.105; MCR 2.107; MCR 2.113(C)(2)(a), (b); MCR 3.206(A)

| PROOF OF SERVICE | **SUMMONS AND COMPLAINT**<br>Case No. 2016-154989-CB |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
|---|

| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | OR | ☐ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |
|---|---|---|

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____
Signature

Approved, SCAO

Original - Court     2nd copy - Plaintiff
1st copy - Defendant     3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 2016-154989-CB<br>JAMES M. ALEXANDER |

**Court address**

1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341      **Court telephone no.** (248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | THE WELLCARE GROUP, LLC d/b/a CHESANING<br>NURSING AND REHABILITATION CENTER<br>c/o Amee Patel, Resident Agent<br>28036 Michigan Avenue, #108<br>Canton, MI 48188 |

Plaintiff's attorney, bar no., address, and telephone no.

ALEXANDER STOTLAND (P68493)
HERTZ SCHRAM PC
1760 S. TELEGRAPH ROAD, SUITE 300
BLOOMFIELD HILLS, MI 48302
(248) 335-5000

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 12 2016 | This summons expires<br>DEC 09 2016 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | CANTON, WAYNE COUNTY, MICHIGAN |

| Place where action arose or business conducted |
|---|
| OAKLAND COUNTY, MICHIGAN |

09/09/2016             /s/ Alexander Stotland
_____             _____
Date                      Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

MC 01 (3/08) SUMMONS AND COMPLAINT   MCR 2.102(B)(11) MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | OR | ☐ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
| --- | --- | --- |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2016-154989-CB<br>JAMES M. ALEXANDER |
| --- | --- | --- |

| Court address<br>1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341 | Court telephone no.<br>(248) 858-1000 |
| --- | --- |

| Plaintiff's name(s), address(es), and telephone no(s).<br>VINCENT HOWARD | v | Defendant's name(s), address(es), and telephone no(s).<br>SHABHANA PATEL<br>46036 Michigan Avenue, #108<br>Canton, MI 48188 |
| --- | --- | --- |

| Plaintiff's attorney, bar no., address, and telephone no.<br>ALEXANDER STOTLAND (P68493)<br>HERTZ SCHRAM PC<br>1760 S. TELEGRAPH ROAD, SUITE 300<br>BLOOMFIELD HILLS, MI 48302<br>(248) 335-5000 | |
| --- | --- |

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 12 2016 | This summons expires<br>DEC 09 2016 | Court clerk<br>Lisa Brown |
| --- | --- | --- |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| --- | --- | --- |
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>2015-148851-CB | Judge<br>JAMES M. ALEXANDER | Bar no.<br>P23289 |
| --- | --- | --- |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>OXFORD, OAKLAND COUNTY, MICHIGAN | Defendant(s) residence (include city, township, or village)<br>CANTON, WAYNE COUNTY, MICHIGAN |
| --- | --- |

| Place where action arose or business conducted<br>OAKLAND COUNTY, MICHIGAN | |
| --- | --- |

| 09/09/2016<br>Date | /s/ Alexander Stotland<br>Signature of attorney/plaintiff |
| --- | --- |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

MC 01 (1/15) SUMMONS AND COMPLAINT MCL 600.1917(4), MCL 600.1917(2)(B)(1), MCL 600.1917(2)(B), MCR 2.102(B), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

OR

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
| --- | --- | --- | --- |
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

Approved, SCAO     1st copy - Defendant     Original - Plaintiff     3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | 2016-154989-CB |
| 6TH JUDICIAL CIRCUIT | | JAMES M. ALEXANDER |
| COUNTY PROBATE | | |

| Court address | Court telephone no. |
|---|---|
| 1200 N. TELEGRAPH ROAD, PONTIAC, MI 48341 | (248) 858-1000 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VINCENT HOWARD | v | NANDAN PATEL |
| | | 46036 Michigan Avenue, #108 |
| | | Canton, MI 48188 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| ALEXANDER STOTLAND (P68493) |
| HERTZ SCHRAM PC |
| 1760 S. TELEGRAPH ROAD, SUITE 300 |
| BLOOMFIELD HILLS, MI 48302 |
| (248) 335-5000 |

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 12 2016 | DEC 09 2016 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date.  This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in OAKLAND COUNTY CIRCUIT _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 2015-148851-CB | JAMES M. ALEXANDER | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OXFORD, OAKLAND COUNTY, MICHIGAN | CANTON, WAYNE COUNTY, MICHIGAN |

| Place where action arose or business conducted |
|---|
| OAKLAND COUNTY, MICHIGAN |

| Date | Signature of attorney/plaintiff |
|---|---|
| 09/09/2016 | /s/ Alexander Stotland |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/13) SUMMONS AND COMPLAINT MCL 600.1043(1)(a), MCL 600.1071, MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2016 SEP 12 AM 08:00

| PROOF OF SERVICE | **SUMMONS AND COMPLAINT**<br>Case No. 2016-154989-CB |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.

Date

My commission expires: _____ Signature: _____

Date                                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

on behalf of

Signature

# Exhibit 2

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

VINCENT HOWARD, )
 )
     Plaintiff, )
 )
-vs- )
 )    Case No. 16-154989-CB
 )
VPH PHARMACY, INC., DEVEN PATEL, )
SHABHANA PATEL, NANDAN PATEL, )    Hon. James M. Alexander
AMEE PATEL, CANALIS MEDICAL )
PHARMACY, LLC, DEROSA GROUP, )
INC., WELLCARE CONSULTING & )
MANAGEMENT, INC., THE ROSETTA )
GROUP, INC., THE RELIANCE GROUP, )
INC. d/b/a RELIANCE PHARMACY, )
DYNAMIC CONSULTING & STAFFING )
SERVICES, INC., THE DINOVELLI )
GROUP, INC., TRINITY PHARMACY, )
LLC, NORTHWEST PARTNERS, LLC d/b/a )
BEACONSHIRE NURSING CENTRE, )
METRO MAN I, INC. d/b/a WESTWOOD )
NURSING CENTER, THE WELLCARE )
GROUP, LLC d/b/a CHESANING )
NURSING AND REHABILITATION )
CENTER, LEGACY TWO HOLDINGS, )
LLC, )
 )
     Defendants. )

Alexander Stotland (P68493)
HERTZ SCHRAM PC
Attorneys for Plaintiff/ Third Party Plaintiff
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
astotland@hertzschram.com

**This matter relates to the same parties, transactions and/or occurrences as another action before the Honorable James M. Alexander, Case No. 2015-148851-CB**

**FIRST AMENDED VERIFIED COMPLAINT
TO SET ASIDE FRAUDULENT CONVEYANCES
AND FOR DAMAGES AND OTHER RELIEF**

{H0380618.2}

LAW OFFICES HERTZ SCHRAM PC

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Plaintiff Vincent P. Howard, by his attorneys, Hertz Schram PC, for his First Amended Verified Complaint to Set Aside Fraudulent Transfers to the Transferees, states as follows:

## Parties Jurisdiction and Venue

1.  Plaintiff Vincent Howard ("Howard") is a Michigan Resident.

2.  Defendant Debtor VPH Pharmacy Inc. is a Michigan Corporation.

3.  Defendant Debtor Deven Patel is a Michigan resident.

4.  Defendant Debtor Shabhana Patel is, upon information and belief, a Michigan resident. Upon information and belief, Shabhana Patel is the mother of defendant Transferee Amee Patel and the mother-in-law of Defendant Debtor Deven Patel.

5.  Defendant Debtor/Transferee Nandan Patel is, upon information and belief, a Michigan resident.

6.  Defendant Transferee Amee Patel is, upon information and belief, a Michigan resident and the wife of Deven Patel and the daughter of Shabhana Patel.

7.  Defendant Transferee Canalis Medical Pharmacy, LLC is, upon information and belief, a Michigan limited liability company owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 200 Arnet Street, Suite 130, Ypsilanti, Michigan 48198.

8.  Defendant Transferee Derosa Group, Inc. is, upon information and belief, a Michigan corporation owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 5376 Miller Road, Swartz Creek, Michigan 48473.

9.  Defendant Transferee Wellcare Consulting & Management, Inc. is, upon information and belief, a Michigan corporation owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 27950 Orchard Lake Road, Suite 112, Farmington Hills, Michigan 48334.

{H0380618.2}

2

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

LAW OFFICES HERTZ SCHRAM PC

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

LAW OFFICES HERTZ SCHRAM PC

10.     Defendant Transferee The Rosetta Group, Inc. is, upon information and belief, a Michigan corporation owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 46036 Michigan Avenue, Suite 108, Canton, Michigan 48188.

11.     Defendant Transferee The Reliance Group, Inc. d/b/a Reliance Pharmacy is, upon information and belief, a Michigan corporation owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 46036 Michigan Avenue, Suite 108, Canton, Michigan 48188.

12.     Defendant Transferee Dynamic Consulting & Staffing Services, Inc. is, upon information and belief, a Michigan corporation owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 27950 Orchard Lake Road, Suite 110, Farmington Hills, Michigan 48334.

13.     Defendant Transferee The Dinovelli Group, Inc. is, upon information and belief, a Michigan corporation owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 48483 Antique Road, Canton, Michigan 48187.

14.     Defendant Transferee Trinity Pharmacy, LLC is, upon information and belief, a Michigan limited liability company owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 17330 Northland Park Ct, Suite 100A, Southfield, Michigan 48075.

15.     Defendant Transferee Northwest Partners, LLC d/b/a Beaconshire Nursing Centre is, upon information and belief, a Michigan limited liability company owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 21630 Hessel Avenue, Detroit, Michigan 48219.

16.     Defendant Transferee Metro Man I, Inc. d/b/a Westwood Nursing Center is, upon information and belief, a Michigan corporation owned and operated by Amee Patel and/or her

husband Deven Patel, and has its registered office address located at 27950 Orchard Lake Road, Suite 112, Farmington Hills, Michigan 48334.

17. Defendant Transferee The Wellcare Group, LLC d/b/a Chesaning Nursing and Rehabilitation Center is, upon information and belief, a Michigan limited liability company owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 28036 Michigan Avenue, #108, Canton, Michigan 48188.

18. Defendant Transferee Legacy Two Holdings, LLC is, upon information and belief, a Michigan limited liability company owned and operated by Amee Patel and/or her husband Deven Patel, and has its registered office address located at 46036 Michigan Avenue, #108, Canton, Michigan 48188.

19. The amount in controversy is in excess of $25,000.

20. Jurisdiction and venue is proper in this Court.

### Factual Background and General Allegations

21. Howard is a licensed pharmacist and the founder of VPH.

22. VPH is a "closed-door" pharmacy founded by Howard in 2005, which services institutional customers such as nursing homes, long-term care and assisted-living facilities.

23. Pursuant to the "Option Agreement" dated September 9, 2009, Howard agreed to permit Deven Patel to operate VPH pursuant to a certain "Management Agreement" with the option to later purchase VPH under agreed-upon terms, including as stated in a certain associated and agreed upon Promissory Note, Pledge Agreement and Security Agreement.

24. Deven Patel operated VPH pursuant to the Management Agreement for close to a year, until exercising his option under the Option Agreement discussed below.

25. The Option Agreement allowed Deven Patel to purchase VPH at an agreed upon price and terms.

LAW OFFICES HERTZ SCHRAM PC

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

26. Deven Patel exercised his option to acquire VPH effective June 1, 2010.

27. At Deven Patel's request and pursuant to the Option Agreement, Howard executed an assignment separate from stock certificate conveying all shares in VPH stock to Shabhana Patel, who is believed to be Patel's mother-in-law (collectively, "Patel Parties").

28. In connection with the foregoing, among other things, the Patel Parties executed a Promissory Note (**Exhibit "A"**), Pledge Agreement (**Exhibit "B"**) and a Security Agreement (**Exhibit "C"**).

The Promissory Note

29. Pursuant to the Promissory Note, Deven Patel was obligated to pay Howard One Million Six Hundred Forty-Two Thousand Five Hundred Dollars ($1,642,500), together with agreed-upon interest of four percent (4%) pursuant to the Promissory Note, payable by monthly payments of $12,574.70 between April 1, 2010 and August 1, 2015, with the balance of $1,190,972.76 due and owing on September 1, 2015.

30. Deven Patel failed to make the final payment of $1,190,972.76 due and owing on September 1, 2015 pursuant to the Promissory Note, and otherwise defaulted in his obligations, and the amount remains due and owing together with default interest, attorney fees and other remedies reserved to Howard (the "Outstanding Obligation").

31. Deven Patel's payment obligations under the Promissory Note were further secured by the Pledge Agreement and Security Agreement.

32. Deven Patel executed the Pledge Agreement, granting to Howard a security interest in VPH, including:

> all of the shares of stock, voting and non-voting, (the "Stock") of VPH Pharmacy, Inc., a Michigan corporation (the "Corporation") and in (a) all securities, and other instruments, and other property ("additional property") at any time received or receivable by Debtor by reason of any stock dividend, stock split, recapitalization, reclassification, merger, consolidation, liquidation, exchange, renewal, redemption, substitution, or other

LAW OFFICES HERTZ SCHRAM PC

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

transaction regarding the Stock or regarding any additional property; and (b) all proceeds of the foregoing. In the event Debtor merges the Stock of the Corporation into another company and the Corporation is not the surviving entity, all of the shares of stock of that surviving entity shall replace the Stock of the Corporation for purposes of this Pledge Agreement ("Pledged Collateral").

33. Deven Patel and VPH also executed the Security Agreement agreeing, inter alia:

      that all of VPH's accounts and inventory would collateralize Patel's obligations under the Promissory Note ("Secured Collateral").

34. Howard perfected his security interest in the aforementioned collateral.

35. Deven Patel and VPH breached their obligations under the Note, Pledge Agreement and Security Agreement.

36. VPH, Deven Patel, Shabhana Patel and Nandan Patel thereby incurred substantial debt to Howard.

37. In connection with their breaches, Howard engaged in litigation with VPH Pharmacy, Inc., Deven Patel, Shobhana Patel and Nandan Patel, which is pending before the Oakland County Circuit Court, Case No. 15-148851-CB (the "Underlying Lawsuit" against the "Debtors").

38. As part of the Underlying Lawsuit, after hearing on March 4, 2015 and November 23, 2015, the Court enjoined the Patel Parties from "damaging, destroying, concealing, disposing of, or using so as to substantially impair the value of the inventory, accounts and stock of VPH Pharmacy, Inc., outside of the ordinary course of business."

39. As part of the Underlying Lawsuit, by Orders dated December 18, 2015 and February 11, 2016, pursuant to MRE 706, the court appointed UHY Advisors, a CPA firm with expertise in forensic accounting, "to serve as the Forensic Accountants, to receive complete and have unfettered access to all of the business records, accounting records, financial statements, bank records, referral source information, any other relevant records and the computer systems of VPH

LAW OFFICES HERTZ SCHRAM PC

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

LAW OFFICES HERTZ SCHRAM PC

Pharmacy, Inc. free from interference of obstruction by either party," and to "perform a forensic accounting of VPH Pharmacy, Inc. focused on 1) any and all shareholder transactions, including monies paid to and received from shareholders of VPH; and 2) any and all transactions between VPH and Patel family-related entities as determined by UHY for the period January 2013 forward."

40.    UHY determined, by report dated August 15, 2016, that the Debtor Defendants had engaged in a series of transfers of assets and incurrence of obligations by VPH, for the benefit of various related parties being the Defendant Transferees (The "Court Appointed Expert's Report" is attached as **Exhibit "D" and incorporated by reference**).

41.    The Court adopted the findings in the Court Appointed Expert's Report and admitted it into evidence.  The report shows, among other things, that the Defendant Debtor transferred millions of dollars in cash and/or property and obligations by and between various other entities owned by the Transferees during the period 2011 to the present (the "Transfers and Obligations").

42.    The report also shows that ownership of VPH was transferred to Nandan Patel.

43.    The Defendant Debtors retained possession over some or all of the property after the transfer or obligation.

44.    The Transfers and/or Obligations were concealed.

45.    Before the Transfers were made or the Obligations incurred, the Defendant Debtors had been threatened with suit.

46.    The Defendant Debtors removed or concealed assets.

47.    The value of the consideration received by the Defendant Debtors was not reasonably equivalent to the value of the assets transferred or the amount of the obligation incurred.

48.    The Defendant Debtors were insolvent or became insolvent shortly after the Transfers were made or the Obligations incurred.

{H0380618.2}

7

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

LAW OFFICES HERTZ SCHRAM PC

49.     The Transfers were made and/or Obligations incurred shortly after a substantial debt was incurred.

50.     The Defendant Debtors transferred the essential assets of the business to lienors who transferred the assets to an insider of the Debtors.

51.     The Transfers and Obligations represent transfers to an insider pursuant to MCL 566.31 and 566.34.

52.     The Transfers and Obligations represent fraudulent conveyances in violation of the Michigan Uniform Transfers Act, including pursuant to MCL 566.34, MCL 566.35.

53.     Howard obtained Partial Summary Disposition in the Underlying Lawsuit against VPH Pharmacy, Deven Patel, Shabhana Patel and Nandan Patel, by Order dated September 7, 2016, and the Court entered judgment for $1,278,310.55 against together with additional interest and attorney fees (**Exhibit "E"**).

Need for Emergency Relief

54.     Patel has been convicted of criminal conduct involving his various other businesses, particularly including healthcare fraud and distribution of controlled substances, and was sentenced to his sentence of August 25, 2016 (See U.S. v. Patel, 12-cr-20481 (ED Mich)).

55.     On August 24, 2016 Patel admitted his intention to sell and/or liquidate his families' interests in various Defendant Transferees, in a motion filed with the United States District Court seeking an adjournment of Patel's incarceration until the end of November 2016 (**Motion to Extend Reporting Date, attached as Exhibit "F"**).

56.     Patel admitted, inter alia, that "listing agreements have been signed and the agents are in the process of actively selling the businesses and are prepared to move forward with the transfer." Patel further admitted the intention to "place the nursing homes on the "block" for sale, referring to Defendant Transferees Northwest Partners, LLC d/b/a Beaconshire Nursing Centre,

Metro Man I, Inc. d/b/a Westwood nursing center, the Wellcare group, LLC d/b/a Chesaning Nursing and Rehabilitation Center and Legacy Two Holdings, LLC.

57.     Patel further admitted that he "has met with and is in the process of retaining the services of a brokerage company … a listing agent has been signed and agents are in the process of actually showing the businesses and are prepared to move forward with the transfer."

58.     Patel has even "executed non-disclosure agreements with various businesses concerning the sale, opened the books of the corporation for their review".

59.     If a temporary restraining order and injunction is not issued or, if the Defendants were given notice of the application, the Defendants are likely to engage in adverse action before an order for injunctive relief can be issued.

60.     A temporary restraining order and preliminary injunction are necessary to prevent irreparable harm.

61.     Plaintiff has no adequate remedy at law.

### Count I - Fraudulent Conveyance (MCL 566.34(1)(a))

62.     Plaintiff repeats and realleges each of the foregoing allegations.

63.     The Debtors made the Transfers or incurred the Obligations with actual intent to hinder, delay or defraud creditors.

64.     The Transfers and Obligations were fraudulent as to the Plaintiff.

65.     Plaintiff was damaged as a result of the foregoing, in an amount exceeding $25,000.

### Count II - Fraudulent Conveyance (MCL 566.34(1)(b))

66.     Plaintiff repeats and realleges each of the foregoing allegations.

67.     The Debtors did not receive a reasonably equivalent value in exchange for the Transfers or Obligations.

LAW OFFICES HERTZ SCHRAM PC

LAW OFFICES HERTZ SCHRAM PC

68.     The Debtors were engaged or about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

69.     The Debtors intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

70.     The Transfers and Obligations were fraudulent as to the Plaintiff, including for the reasons enumerated in MCL 566.34(b)(ii)2).

71.     Plaintiff was damaged as a result of the foregoing, in an amount exceeding $25,000.

**Count III - Fraudulent Conveyance (MCL 566.35(1))**

72.     Plaintiff repeats and realleges each of the foregoing allegations.

73.     The Plaintiff's claims arose before the Transfers were made or the Obligation were incurred.

74.     The Debtors made the Transfers and/or incurred the Obligations without receiving a reasonable equivalent value in exchange for the Transfer or Obligation.

75.     The Debtors were insolvent at the time or the Debtors became insolvent as a result of the Transfers or Obligations.

76.     The insiders had reasonable cause to believe that the insider was insolvent.

77.     The Transfers and Obligations were fraudulent as to the Plaintiff.

78.     Plaintiff was damaged as a result of the foregoing, in an amount exceeding $25,000.

**Count IV - Fraudulent Conveyance (MCL 566.35(2))**

79.     Plaintiff repeats and realleges each of the foregoing allegations.

80.     Plaintiff's claim arose before the transfer was made.

81.     The transfer was made to an insider for an antecedent debt.

82.     The debtor was insolvent at that time.

{H0380618.2}

10

LAW OFFICES HERTZ SCHRAM PC

83.    The insider had reasonable cause to believe that the debtor was insolvent.

84.    The Transfers and Obligations were fraudulent as to the Plaintiff.

85.    Plaintiff was damaged as a result of the foregoing, in an amount exceeding $25,000.

### Count V – Unjust Enrichment

86.    Plaintiff repeats and realleges each of the foregoing allegations.

87.    Defendants have received a benefit and have been unjustly enriched as a result of the foregoing.

88.    Plaintiff has suffered a detriment as a result.

89.    In the alternative, Plaintiff has no adequate remedy at law.

### Count VI - Conspiracy

90.    Plaintiff repeats and realleges each of the foregoing allegations.

91.    Defendants acted in conspiracy or concerted action to accomplish the foregoing, to accomplish an unlawful purpose or a lawful purpose by criminal or unlawful means.

92.    Plaintiff has been damaged as a result of the foregoing.

WHEREFORE, Howard respectfully requests the following relief against the Transferees:

A.    An avoidance of the Transfers and Obligations;

B.    An attachment against the assets transferred and such other property of the Transferees necessary to satisfy the Outstanding Obligation;

C.    An injunction against further disposition of the assets transferred or other property;

D.    A temporary restraining order, preliminary injunction and permanent injunction against any transfer or sale of assets by Transferees, until the Outstanding Obligation is satisfied;

E.    Appointment of a receiver to take charge of the assets transferred and other property of the Transferees;

F.    A judgment against the Transferees for the amount of the Transfers and Obligation, and execution of the assets transferred or their proceeds;

{H0380618.2}

11

G. Damages in an amount exceeding $25,000.00, together with costs, fees and interest; and

H. Such other and further relief as this Court deems just and proper.

I declare that the foregoing is true to the best of my information, knowledge and belief.

_____
Vincent Howard

Respectfully submitted,

HERTZ SCHRAM PC

By: /s/ Alexander Stotland
Alexander Stotland (P68493)
HERTZ SCHRAM PC
Attorneys for Plaintiff
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
astotland@hertzschram.com

Dated: September 19, 2016

{H0380618.2}

12

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

LAW OFFICES HERTZ SCHRAM PC

# EXHIBIT A

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

EXHIBIT A

PROMISSORY NOTE

$1,642,500                                              ~~Date~~March 1 , 2010

For value received, DEVEN PATEL, individually ("Borrower"), promises to pay to VINCENT P. HOWARD, at 1739 John Paul Court, Oxford, MI 48371-4473 ("Lender") or at such other place as the holder of this Note designates in writing to Borrower, the principal sum of One Million Six Hundred Forty Two Thousand Five Hundred ($1,642,500) dollars.

1.      Interest Rate. The interest rate shall be four percent (4%) per annum. During all times that there exists a default under this Note and after maturity, whether by acceleration or otherwise, the interest rate on this Note shall be a per annum rate which is four percent (4%) above the interest rate otherwise in effect, but not above the highest lawful rate.

2.      Payment. Interest shall begin to accrue March 1, 2010 and the first payment on this Note shall be made on April 1, 2010 payments shall continue on the first day of each succeeding month in accordance with the amortization scheduled attached hereto. On September 1, 2015, the entire unpaid principal balance, together with accrued interest and all other sums then unpaid on this Note, if any, shall be due and payable.

3.      Adjustment of Principal Amount. The principal amount of this Note is subject to adjust pursuant to that certain Option Agreement to Purchase Stock between Lender and Borrower dated September 9, 2009 (the "Option Agreement").

4.      Personal Liability. If Borrower is in default herewith and Borrower causes VPH Pharmacy, Inc. (the "Corporation") to voluntarily surrender its collateral under the Security Agreement as hereinafter identified and if Borrower does not comply with his obligations under the Pledge Agreement hereinafter identified, Borrower shall have no personal liability under this Note in the event of default and Lender's sole remedies shall be under the Pledge Agreement and Security Agreement referred to in the Option Agreement (the "Security Documents").

5.      Default, Acceleration. It shall be a default under this Note if Borrower fails to make any payment of interest or principal within 15 days after it is called for in this Note. In addition, all of the Security Documents are incorporated in this Note by reference, and the occurrence of an event of default under the Security Documents shall constitute a default under this Note.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:14

In the event of any default under this Note, the holder of this Note may, without notice or demand, declare the entire unpaid principal and all interest accrued on this Note immediately due and payable.

6. General Provisions. Any failure by the holder of this Note to exercise any right under this Note, including the right to accelerate Borrower's obligations on default by Borrower, shall not constitute a waiver of the right to exercise such right while the default continues or upon another default. No waiver or release shall be binding against the holder of this Note unless given in writing by the holder.

If the holder of this Note institutes legal proceedings to enforce this Note, or any of the Security Documents, the holder shall be entitled to collect, in addition to all indebtedness and accrued interest, the costs of all expenses of the legal proceedings, including reasonable attorney fees.

Borrower waives presentment, demand, protest, notice of protest, and notice of dishonor of this Note.

This Note shall be deemed to have been executed and agreed to in the State of Michigan and shall be governed by and construed in accordance with the laws of the State of Michigan. Borrower consents to personal jurisdiction over it by any court in the State of Michigan in which an enforcement action under this Note is filed. Venue shall be in Oakland County, Michigan, for any action brought with regard to this Note. Any provision conflicting with any statute or rule of law of the State of Michigan, including any statute or rule of law relating to the maximum rate of interest that can be paid by Borrower, or otherwise unenforceable for any reason, shall be deemed severable from the balance of this Note and shall be enforced to the maximum extent permitted by law and shall not invalidate any other provision contained in this Note.

BORROWER:

DEVEN PATEL

858829.03/11617-001 (June 24, 2010)

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:41

17-30077-dof   Doc 27   Filed 01/17/17   Entered 01/17/17 13:39:37   Page 56 of 119

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

# EXHIBIT B

**EXHIBIT B**

**PLEDGE AGREEMENT**

This Pledge Agreement is made on _____June 1, 2010 between SHOBHANA PATEL, individually ("Debtor"), and VINCENT P. HOWARD ("Secured Party").

1.  Grant of Security Interest. Debtor grants to Secured Party a security interest in all of the shares of stock, voting and non-voting, (the "Stock") of VPH Pharmacy, Inc., a Michigan corporation (the "Corporation") and in (a) all securities, and other instruments, and other property ("additional property") at any time received or receivable by Debtor by reason of any stock dividend, stock split, recapitalization, reclassification, merger, consolidation, liquidation, exchange, renewal, redemption, substitution, or other transaction regarding the Stock or regarding any additional property; and (b) all proceeds of the foregoing. In the event Debtor merges the Stock of the Corporation into another company and the Corporation is not the surviving entity, all of the shares of stock of that surviving entity shall replace the Stock of the Corporation for purposes of this Pledge Agreement. The foregoing properties and proceeds are referred to in this agreement as "Collateral."

2.  Indebtedness Secured. The security interest is given to secure payment and performance of a promissory note with Debtor as maker and Secured Party as payee in the principal amount of One Million Six Hundred Forty Two Thousand Five Hundred ($1,642,500) Dollars (the "Note").

3.  Warranties and Representations. Debtor represents and warrants to, and agrees with, Secured Party as follows:

    a.  Debtor has full power and authority to enter into and perform its obligations under this agreement; and this agreement is the valid and binding obligation of Debtor, enforceable in accordance with its terms.

    b.  Debtor owns the Collateral and has the unqualified right to transfer the Collateral to Secured Party. The collateral is not subject to any security interest, lien, encumbrance, adverse claim, or other claim in favor of any third party, or to any right or option of any third party to purchase or acquire any of the collateral.

4.  Agreements of Debtor. Debtor agrees that:

    a.  Debtor will deliver the certificate evidencing his ownership of the Stock (the "Stock Certificate") to Secured Party endorsed in blank at the time this Agreement is signed and will deliver to Secured Party all stock powers, assignments, endorsements, powers of attorney, and other documents that Secured Party may from time to time request to perfect Secured

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:14

Party's security interest in the Collateral or to facilitate transfer of the Collateral.

b.    Debtor will not sell, or assign the Collateral or any part or interest in the collateral or permit any Collateral to be transferred by operation of law; provided, however, if Debtor is requested to have Secured Party subordinate an interest in the Collateral for purposes of Debtor obtaining financing for the operations of the Business of the Corporation, the Secured Party will not unreasonably withhold such subordination provided that Debtor provides Secured Party with a personal guarantee that is acceptable to the Secured Party's counsel and is for the amount of the value of the Collateral that is being subordinated..

c.    Debtor will furnish Secured Party with such information regarding the Corporation as Secured Party may request and will allow Secured Party at any reasonable time to inspect Debtor's records of the Corporation.

d.    Debtor will immediately notify Secured Party in writing of any change in the Corporation's, identity, or corporate structure and of any change in the location of the Corporation's Business.

5.    Secured Party's Rights.

a.    If Debtor fails to perform any of Debtor's obligations under this agreement or the Note, then Secured Party may, without giving Debtor notice to or obtaining the consent of Debtor may, but shall not be obligated, to transfer the collateral into Secured Party's name or the name of Secured Party's nominee.  If Secured Party transfers the Stock to himself Debtor shall:

(i) Contribute to the capital of the Corporation any amount which the Corporation owes to Debtor or any entity under Debtors control or with which he is affiliated.

(ii) Terminate, if requested to do so by the Secured Party any agreement or contract between the Corporation and Debtor or any entity under Debtor's control or with which he is affiliated.

(iii) Deliver to Secured Party the books and records of the Corporation all agreements to which the Corporation is a party and possession and control of all of the Corporation's assets.

6.    Default and Acceleration. If any of the following occurs, the Note will, at Secured Party's option, become immediately due and payable, without notice or demand to Debtor:

a.    If any warranty, representation, or other statement made to Secured Party by Debtor, was false in any material respect when made or furnished.

2

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:44

b.  If any lien, security interest, or other encumbrance or any writ of attachment, garnishment, levy, execution, or other legal process is ever issued against or placed upon the Collateral.

c.  If Debtor becomes insolvent, or makes an assignment for the benefit of creditors.

d.  If at any time Secured Party in good faith believes that the prospect of payment of the Note is impaired.

If a voluntary or involuntary case in bankruptcy, receivership, or insolvency is ever commenced by or against Debtor then the Note shall automatically become immediately due and payable, without notice or demand.

7.  <u>Remedies</u>. Secured Party shall have all of the rights and remedies of a secured party under applicable laws.

8.  <u>Expenses</u>. Debtor shall reimburse Secured Party on demand for all attorney fees, legal expenses, and other expenses that Secured Party incurs in protecting and enforcing Secured Party's rights under this agreement. This includes fees and expenses incurred in trying to obtain possession of the Collateral from Debtor, a trustee or receiver in bankruptcy, or any other person.

9.  <u>Amendments and Waivers</u>. No provision of this agreement may be modified or waived except by a written agreement signed by Secured Party. Secured Party will continue to have all of Secured Party's rights under this agreement even if Secured Party does not fully and promptly exercise them on all occasions.

10. <u>Notices</u>. Any notice to Debtor or Secured Party shall be deemed to have been given when mailed, with postage prepaid, to the respective address of Debtor or Secured Party appearing in the Option Agreement to Purchase Stock between Debtor and Secured Party dated September 9, 2009.

This agreement will be governed by and interpreted according to Michigan law.

This agreement shall be binding upon and inure to the benefit of Debtor and Secured Party and their respective heirs, personal representatives, successors, and assigns.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:44

3

Debtor and Secured Party have executed this pledge agreement on the date written on the first page of this Agreement.

**DEBTOR**

_____
SHOBHANA PATEL, by Deven Patel, true and lawful attorney-in-fact

**SECURED PARTY**

_____
VINCENT P. HOWARD

858719.03/11617-0001 (June 24, 2010)

4

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:12

# EXHIBIT C

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

EXHIBIT C

SECURITY AGREEMENT

This Agreement is made effective as of __June 1____, 2010 (the "Effective Date"), between Vincent P. Howard ("Secured Party") and Deven Patel individually ("Debtor") and VPH Pharmacy, Inc. (the "Corporation"), (collectively, the Parties).

RECITALS

A.     Secured Party has agreed to extend credit to Debtor, as set forth within a promissory note (the "Note"), issued pursuant to an Option Agreement to Purchase Stock (the "Agreement") requiring Debtor grant a security interest in certain collateral of the Corporation as security for the payment of the Note.

B.     Debtor has agreed to cause Corporation to grant a security interest in certain assets of the Corporation as security for payment of the Note.

The Parties agree as follows:

1.     **Definitions**

As used in this Security Agreement, the following definitions (in addition to other terms and provisions set forth in Article IX of the Michigan Uniform Commercial Code, MCL 440.9101 et seq.) shall apply:

1.1     **Collateral.** The Collateral shall consist of all of the Corporation's accounts and inventory, including all Inventory repossessed or returned. As used in this Security Agreement, Inventory includes goods held for sale. The accounts and inventory shall be collectively the "Collateral".

1.2     **Corporation's Address:** 5376 Miller Road, Swartz Creek, MI 48473.

1.3     **Note.** This Security Agreement secures the promissory note executed in connection with the extension of credit by Secured Party to Debtor in the principal amount of $1,642,500 (the "Note"), which Debtor acknowledges and confirms is owing to Secured Party without any setoff, counterclaim, or deduction of any kind (all of which Debtor agrees not to assert and all of which are waived by Debtor).

1.4     **Term.** A period of time commencing on the date of this Agreement and terminating on the Termination Date.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:14

1.5 **Termination Date.** The date when the Note is paid in full.

1.6 **UCC.** Any term used in the Uniform Commercial Code as now in effect as of the date of this Agreement in the State of Michigan (UCC) and not defined in this Security Agreement has the meaning given to the term in the UCC.

2. **Grant of Security Interest.** As security for the payment or performance of the Note, the Corporation grants a Security Interest in the Collateral to Secured Party.

3. **Perfection of Security Interests**

3.1. **Filing of Financing Statement**

A. Corporation authorizes Secured Party to file a financing statement (the "Financing Statement") describing the Collateral.

B. Secured Party is authorized to seek and receive prior to the Note's effective date an official report from the Michigan Secretary of State (the SOS Reports) indicating that Secured Party's security interest is prior to all other security interests or other interests reflected in the report.

3.2. **Possession**

A. Corporation shall have possession of the Collateral.

B. Whenever the Collateral is in the possession of a third party, Corporation will join with Secured Party in notifying the third party of Secured Party's security interest and obtaining an acknowledgment from the third party that the third party is holding the Collateral for the benefit of Secured Party.

4. **Post-Effective Date Covenants and Rights Concerning the Collateral**

4.1 **Inspection.** Secured party may inspect any Collateral at any time on reasonable notice.

4.2 **Secured Party's Collection Rights.** Secured Party shall have the right at any time to enforce Corporation's rights against the account debtors.

4.3 **No Disposition of Collateral.** Except as expressly set forth in this Agreement, Secured Party does not authorize, and Corporation shall not grant any other security interest in any of the Collateral.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:43

2

4.4 **Inventory.** Corporation has the power to sell Corporation's Inventory in the ordinary course of its business, provided that Debtor is not in default. In addition, the Parties agree as follows:

A. A sale of Corporation's Inventory not in the ordinary course of business shall constitute a default;

B. The interest of Secured Party shall continue in all proceeds of sales and all dispositions of the Inventory; and

C. If Corporation desires to grant a purchase money security interest in any Inventory (forming a part of the Collateral) to a party other than Secured Party (Third Party), Corporation shall (1) give prior written notice thereof to Secured Party, (2) obtain the prior written consent of Secured Party, and (3) require Third Party to give written notice to Secured Party in the manner required by law.

D. Although Secured Party has a security interest in all of Corporation's existing and future Inventory, inclusive of proceeds thereof, together with other individual items constituting the Collateral, as a minimum security under this Agreement, Debtor will at all times maintain Inventory with a value based on cost of not less than four hundred thousand ($400,000.00) dollars.

5. **Covenants, Warranties, and Representations of Corporation.** Corporation, as an inducement to Secured Party to extend credit to Debtor, covenants, represents, and warrants to Secured Party the following:

5.1 **Title to and transfer of Collateral.** Corporation has rights in or the power to transfer the Collateral and its title to the Collateral free of all adverse claims, liens, security interests, and restrictions on transfer or pledge except as created by this Security Agreement.

5.2 **Location of Collateral.** Except as set forth in this Security Agreement, Debtor will maintain the Collateral at and will not remove the Collateral from Corporation's Address without the prior written consent of Secured Party. Corporation will promptly notify Secured Party in writing of any change in the location of any place of business or establishment of any new place of business of Corporation.

5.3 **Organization and Name.** Corporation is duly organized and operating a business under the laws of the State of Michigan; Corporation's exact legal name is as set forth in this Agreement; and, further, until the Obligations are paid in full, Corporation shall:

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:43

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:41

A.    Preserve its existence in good standing and not, in one transaction or a series of related transactions, merge into or consolidate with any other entity, or sell all or substantially all of Debtor's assets;

B.    Not change its name without providing Secured Party with 30 days' prior written notice; and

C.    Not change its location as that term is defined in UCC 9-307 (MCL 440.9307).

5.4    **Use.** The Collateral will be used primarily for Corporation's business.

5.5    **Records.** Corporation will at all times during this Agreement keep accurate and complete records of the Collateral and will, at any time at Secured Party's request, deliver to Secured Party a schedule specifically identifying all of the Collateral.

5.6    **Taxes and charges.** Corporation will promptly pay when due all taxes, assessments, or other charges lawfully levied or assessed on the Collateral before they become delinquent and penalties accrue, except to the extent that they are being contested in good faith by appropriate proceedings, but only after written notice is given by Debtor to Secured Party.

5.6    **Insurance.** Corporation will keep the Collateral continuously insured with insurance carriers in amounts and against risks that shall be reasonably satisfactory to Secured Party, with the loss payable clause in favor of Secured Party.

6.    **Events of Default.** The occurrence of any of the following shall, at the option of Secured Party, be an Event of Default:

A.    Any default, any act or omission that constitutes a default described in the Note or this Security Agreement or the incorrectness of any representation or warranty contained in, this Security Agreement, or the Pledge Agreement between Debtor and Secured Party, or in any of the other Obligations;

B.    Transfer or disposition of any of the Collateral, except as expressly permitted by this Security Agreement;

C.    Attachment, execution, or levy on any of the Collateral;

D.    Debtor or Corporation voluntarily or involuntarily becoming subject to any proceeding under (i) the Bankruptcy Code or (ii) any similar remedy under state statutory or common law;

E.    Secured Party receiving at any time following the Effective Date an SOS Report indicating that Secured Party's security interest is not prior to all other security interests or other interests reflected in the report.

7.    **Default Costs.** Should an Event of Default occur, Debtor will pay to Secured Party all costs reasonably incurred by the Secured Party for the purpose of enforcing its rights hereunder, including:

A.    Costs of foreclosure; and
B.    A reasonable fee for the services of attorneys employed by Secured Party for any purpose related to this Security Agreement or the Note, including consultation, drafting documents, sending notices, or instituting, prosecuting, or defending litigation or arbitration.

8.    **Remedies Upon Default**

8.1    **General.** Upon any Event of Default, Secured Party may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any Obligations then owing, whether by acceleration or otherwise.

8.2    **Remedies.** Upon any Event of Default, Secured Party shall have the right to pursue any of the following remedies separately, successively, or simultaneously:

A.    File suit and obtain judgment and, in conjunction with any action, Secured Party may seek any ancillary remedies provided by law, including levy of attachment and garnishment.

B.    Take possession of any Collateral without demand and without legal process. Upon Secured Party's demand, Corporation will assemble and make the Collateral available to Secured Party as the Secured Party may direct. Corporation grants to Secured Party the right, for this purpose, to enter into or on any premises where Collateral may be located.

C.    Without taking possession, sell, lease, or otherwise dispose of the Collateral at public or private sale in accordance with the UCC.

9.    **Foreclosure Procedures**

9.1    **No Waiver.** No delay or omission by Secured Party to exercise any right or remedy accruing upon any Event of Default shall (a) impair any right or remedy, (b) waive any default or operate as an acquiescence to the Event of Default, or (c) affect any subsequent default of the same or of a different nature.

5

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:13

9.2    **Notices Regarding Sale.** Secured Party shall give Debtor and Corporation such notice of any private or public sale as may be required by the UCC.

9.3    **Condition of Collateral.** Secured Party has no obligation to clean-up or otherwise prepare the Collateral for sale.

9.4    **No Obligation to Pursue Others.** Secured Party has no obligation to attempt to satisfy the amount due pursuant to the Note from any person liable to Corporation.

9.5    **Compliance With Other Laws.** Secured Party may comply with any applicable state or federal law requirements in connection with a disposition of the Collateral and compliance will not be considered adversely to affect the commercial reasonableness of any sale of the Collateral.

9.6    **Warranties.** Secured Party may sell the Collateral without giving any warranties as to the Collateral. Secured Party may specifically disclaim any warranties of title or the like. This procedure will not be considered adversely to affect the commercial reasonableness of any sale or other disposition of the Collateral.

10.    **Miscellaneous**

10.1    **Assignment**

A.    This Security Agreement shall bind and shall inure to the benefit of the heirs, and personal representatives of Secured Party and Debtor and the successors and assigns of the Corporation.

B.    Secured Party does not consent to any assignment by Debtor or Corporation except as expressly provided in this Security Agreement.

C.    Secured Party may assign his rights and interests under this Security Agreement. If an assignment is made, Corporation shall render performance under this Security Agreement to the assignee. Debtor and Corporation will waive and will not assert against any assignee any claims, defenses, or setoffs which Debtor or Corporation could assert against Secured Party except defenses which cannot be waived.

10.2    **Severability.** Should any provision of this Security Agreement be found to be void, invalid, or unenforceable by a court or panel of arbitrators of competent jurisdiction, that finding shall only affect the provisions found to be void, invalid, or unenforceable and shall not affect the remaining provisions of this Security Agreement.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:40

6

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:44

10.3  **Notices.** Any notices required by this Security Agreement shall be deemed to be delivered when a record has been either (a) deposited in any United States postal box if postage is prepaid and the notice properly addressed to the intended recipient, (b) received by facsimile transmission, (c) received through the Internet, or (d) when personally delivered.

10.4  **Headings.** Section headings used in this Security Agreement are for convenience only. They are not a part of this Security Agreement and shall not be used in construing it.

10.5  **Governing Law.** This Security Agreement is being executed and delivered and is intended to be performed in the State of Michigan and shall be construed and enforced in accordance with the laws of the State of Michigan.

10.6  **Rules of Construction**

A.  No reference to "proceeds" in this Security Agreement authorizes any sale, transfer, or other disposition of the Collateral by the Debtor;

B.  "Includes" and "including" are not limiting;

C.  "Or" is not exclusive; and

D.  "All" includes "any" and "any" includes "all."

10.7  **Integration and Modifications**

A.  This Security Agreement is the entire agreement of the Corporation and Secured Party concerning its subject matter; and

B.  Any modification to this Security Agreement must be made in writing and signed by the Party adversely affected.

10.8  **Waiver.** Any Party to this Security Agreement may waive the enforcement of any provision to the extent the provision is for its benefit.

10.9  **Further Assurances.** Debtor and Corporation shall execute any further documents, and to take any further actions, reasonably requested by Secured Party to evidence or perfect the security interest granted in this Agreement, to maintain the first priority of the security interests, or to effectuate the rights granted to Secured Party in this Agreement.

[Signatures on following page]

7

The Parties have signed this Security Agreement on the dates set forth herein, to be effective as of the Effective Date listed on the first page.

**DEBTOR**

DEVEN PATEL

**SECURED PARTY**

VINCENT P. HOWARD

**CORPORATION**

VPH PHARMACY, INC.

By: _____

Its: _____

858861.03/11617-001(June 24, 2010)

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:13

# EXHIBIT D

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

# Case No. 15-148851-CB
# VPH Pharmacy, Inc. et al.
# (Plaintiffs/Counter-Defendants)
# vs.
# Vincent Howard
# (Defendant/Counter-Plaintiff/Third-Party Plaintiff)

**Updated Report and Supporting Schedules**
**By: UHY Advisors MI, Inc.**

**August 15, 2016**

Case No. 15-148851-CB
VPH Pharmacy, Inc. et al. (Plaintiffs/Counter-Defendants) vs.
Vincent Howard (Defendant/Counter-Plaintiff/Third-Party Plaintiff)

*Updated Report and Supporting Schedules*
*By: UHY Advisors MI, Inc.*
*August 15, 2016*

## Table of Contents

➢ **Updated Report of Forensic Accounting with respect to VPH Pharmacy**

➢ **Supporting Schedules**

  ➢ Schedule A: Summary of Known Related Parties

  ➢ Schedule B: Recap of Net Income (Loss)

    Schedule B-1: Analysis of Bad Debt Expense and Allowance for Doubtful Accounts

  ➢ Schedule C: Summary of Intercompany Accounts and

    Schedule C-1: Detail of Intercompany Accounts

  ➢ Schedule D: Promissory Notes for Amounts due to Related Parties

  ➢ Schedule E: Reconciliation of Payroll Expense

  ➢ Schedule F: Reconciliation Summary of VPH Payroll Expense to Derosa Group's Tax Reporting

    Schedule F-1: Form W-2 Wage and Tax Statement, Box 1, Wages, Tips and Other Compensation – Detail

    Schedule F-2: 1099 MISC Miscellaneous Income, Box 7, Nonemployee compensation – Detail


**UHY Advisors**
Tax & Business Consultants

12900 Hall Road, Suite 510
Sterling Heights, MI 48313-1153

Telephone    586-254-8141
Fax    586-254-9406
Web   www.uhy-us.com

Date: June 7, 2016

*Updated: August 15, 2016 (\* denotes change)*

The Honorable James M. Alexander
Oakland County Circuit Court
1200 N. Telegraph Rd
Pontiac, MI 48341-0404

Case No. 15-148851-CB

VPH Pharmacy, Inc., et al. (Plaintiffs/Counter-Defendants) vs.

Vincent Howard (Defendant/Counter-Plaintiff/Third-Party Plaintiff)

*Re: Forensic Accounting with respect to VPH Pharmacy, Inc.*

Judge Alexander:

We have prepared this report and supporting analyses pursuant to the Court's order, dated December 18, 2015, to perform a forensic accounting of VPH Pharmacy, Inc. ("VPH Pharmacy") for the period January 2013 forward, with respect to the above captioned matter.

<u>General background</u>

VPH Pharmacy is a "closed door" pharmacy business providing medications to patients in adult foster care, assisted living, skilled nursing and other institutional facilities. Their operations are located at 5376 Miller Rd. in Swartz Creek, Michigan.

Deven Patel, also known as Devenkumar C. Patel, is a licensed pharmacist. Mr. Patel purchased the common stock of VPH Pharmacy from Vincent Howard for $2.185 million in 2009. A promissory note for $1,642,500 between Mr. Patel and Mr. Vincent was executed in connection with the stock purchase. The note provided for a balloon payment of approximately $1.2 million in September 2015 which remains unpaid.

VPH Pharmacy transacts business with numerous other companies owned by Mr. Patel and his wife, Amee Patel. Pursuant to the Court's order, we have conducted forensic accounting procedures related to VPH Pharmacy's activity with related parties and intercompany accounts. A narrative of our analyses is outlined below, including supporting Schedules A, B, B-1, C, C-1, D, E, F, F-1 and F-2.*

## Known Related Parties *

We have prepared a summary of known related parties transacting business with VPH Pharmacy. We have listed known related parties, the primary owners, and described the intercompany activity in **Schedule A – Summary of Known Related Parties.***

## Recap of Net Income (Loss)*

UHY previously reported a recap of the profit and loss statements of VPH Pharmacy for the years ended 2013, 2014 and 2015. We subsequently received adjustments and updated information for 2015, which has been reflected in **Schedule B – Recap of Net Income (Loss).***

Key observations with respect to 3 year total:

> - Approximately **$45.9 million in revenue**.
> - Approximately **$30.5 million of cost of goods sold**.*
> - Approximately **$15.4 million of gross margin (34% of revenue)**.*
> - Approximately **$1.6 million of bad debt expense**, including $1.2 million in 2014.
> - Approximately **$6.3 million of payroll expense**, of which $5.5 million was due to related parties.
> - Approximately **$4.6 million of management fees**, which was allocated to several related parties.*
> - Aggregate **net loss of ($28K)**.

## Bad Debt Expense*

It appears VPH used the allowance method for bad debts in 2013 and 2014. Accordingly, approximately $324,000 of non-specific write offs were reported as bad debt expense. VPH also charged approximately $1.3 million of customer receivables to bad debt expense relating to four nursing home customers who filed for bankruptcy. The validity of accounts receivables write offs relating to the four nursing homes customers has not been determined. Detailed information is presented in **Schedule B-1: Analysis of Bad Debt Expense and Allowance for Doubtful Accounts.***

## Site visit and interviews*

I toured the VPH Pharmacy facility in Swartz Creek on March 9, 2016. I interviewed the following employees:

- Hollie Gaby, billing manager
- Darcel Thomas, accounts receivable clerk and human resources
- Ashley LaBrake, account executive

Judge Alexander
Date: June 7, 2016
*Updated: August 15, 2016 (* denotes change)*
Page Three

I also met with Hasmukh Patel, CPA of HP & Associates, and Deven Patel in Farmington Hills, Michigan on February 8, 2016. Hasmukh Patel is VPH Pharmacy's outside accountant (no relation to Deven Patel). He prepares monthly financial statements for management and income tax returns.

UHY met with Hasmukh Patel, Jagdish Patel (of HP & Associates), and Deven Patel again on June 29, 2016. Discussions related to incomplete or missing information and revisions to 2015 financial reports received previously.*

Accounting systems and recordkeeping

The accounting functions for VPH Pharmacy are not centralized; they are fragmented across several locations and entities. Customer billings and collections are done in Swartz Creek. Accounts payable and payroll functions are handled by a related party, WellCare Consulting and Management in Farmington Hills. The staff of VPH Pharmacy is paid through another related party, the Derosa Group, Inc. ("Derosa Group"). In addition, HP & Associates, the outside CPA firm, prepares monthly bank reconciliations and posts monthly activity in Quick Books, on a cash basis.

The accounting systems and recordkeeping are also not integrated in a single accounting software package. Individuals performing accounting functions at VPH Pharmacy have narrow roles, with limited communications between parties. There is not a bookkeeper or accountant at the Swartz Creek facility. The lack of centralized accounting records prevents transparency, and may provide an opportunity for abuse.

Intercompany Accounts and Promissory Notes*

UHY previously analyzed intercompany accounts due to/from related parties with balances in excess of $100,000. We subsequently received adjustments and updated information for 2015, which has been reflected in **Schedule C – Summary of Intercompany Accounts – Related Parties.***

VPH Pharmacy owed **$678,760 (net)** to related parties as of December 31, 2015.* Specific amounts due from and to from related parties as of December 31, 2015 are as follows:

Receivable *from* related parties:

| Related Party | Amount | |
|---|---|---|
| Dynamic Consulting | $ 1,086,377 | |
| Derosa Group, Inc. | 2,315,372 | * |
| Legacy Two Holdings * | 1,039,240 | * |
| | $ 4,440,989 | * |

We are not aware of any promissory notes to support the intercompany receivables. The actual collectability of receivables from related parties has not been verified or determined.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Judge Alexander
Date: June 7, 2016
*Updated: August 15, 2016 (* denotes change)*
Page Four

Payable *to* related parties:

| Related Party | | Amount |
|---|---|---|
| Rosetta Group | $ | (1,553,678) * |
| The Dinovelli Group, Inc. | | (2,274,380) |
| Trinity Medical | | (117,990) |
| Canalis Medical Pharmacy, | | (819,194) * |
| Reliance Pharmacy | | (352,837) |
| Amee Patel | | (1,670) * |
| | $ | (5,119,749) * |

There are five promissory notes supporting certain intercompany payables to related parties. The notes provide for interest at 4% per annum, payable monthly. It does not appear interest has been paid or accrued by VPH on the promissory notes. Four of the five promissory notes matured on or before December 31, 2015. Detail of the promissory notes is presented in **Schedule D - Promissory Notes for Amounts due to Related Parties.***

**Intercompany Accounts – Activity ***

As previously reported, UHY analyzed intercompany activity between VPH and certain related parties. Yearly detail of the intercompany activity is presented in **Schedule C-1 – Detail of Intercompany Accounts – Related Parties.***

Intercompany activity with related parties from January 1, 2013 – December 31, 2015 is summarized as follows:

| Intercompany activity | | Total Due from (Due to) |
|---|---|---|
| Journal entries - bank/credit card activity | $ | 10,798,437 * |
| Facility Purchase (Belle Fountain) | | 1,039,240 |
| VPH Payroll charges | | (5,512,914) |
| VPH Management fee | | (4,561,500) * |
| VPH Other expenses | | (713,487) |
| **Net Activity** | $ | 1,049,776 * |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Key comments and observations are as follows:

> **Adjusted preliminary balance, January 1, 2013 *** – This line reflects a net intercompany payable by VPH of approximately $1.7 million to <u>three</u> related parties. <u>Subsequent intercompany activity and the number of related parties increased significantly during 2013, 2014 and 2015.</u>

> **Journal entries, bank/credit card activity** – Intercompany activity with related parties is recorded through monthly journal entries made by HP & Associates. The journal entries summarize transactions from bank statements and credit card statements into the general ledger.

> **Facility purchase (Belle Fountain) *** – VPH accounting records reflected $1.039 million of accounts receivable from Belle Fountain as of December 31, 2013. The receivable was reclassified to an amount due from Amee Patel in August 2014. Subsequently, VPH reclassified the receivable as being due from another related party, Legacy Two Holdings, as of December 31, 2015. No repayments have been reflected in the VPH accounting records. No interest has been accrued or paid to VPH for this loan. No documentation has been provided to support the loan or its collectability.

> **VPH Payroll charges*** – Payroll for VPH employees was transferred to a related entity, the Derosa Group, in September 2013. Payroll and payroll tax expense is recorded in VPH's accounting records via monthly journal entries made by HP & Associates. UHY reconciled VPH payroll expense to intercompany payroll charges from Derosa Group for 2014 and 2015 in **Schedule E: Reconciliation of Payroll Expense.***

Derosa Group's payroll charges to VPH included employee's gross earnings and employer payroll taxes. It appears payroll charges also included payments to outside contractors. UHY attempted to reconcile VPH payroll charges to Derosa Group's year-end tax reporting information for 2014 and 2015 in **Schedule F: Reconciliation of VPH Payroll Expense to Derosa Group's Tax Reporting.***

> **VPH Management fees** – Deven Patel and Amee Patel have a management fee agreement with VPH Pharmacy, dated March 2012. The base management fee is 5% of gross revenue per month for Amee Patel and 5% of gross revenue per month for Deven Patel (total = 10% management fee). The Patels' do not receive salaries or wages from VPH.*

As reported in Schedule B: Recap of Net Income (Loss), gross income for the 3 year period 2013 through 2015 was $45,867,566. Management fees of $4,561,500 are reflected for the same period, approximately 10% of gross income.*

> **VPH Other expenses** – Other operating expenses shared with related parties.

Judge Alexander
Date: June 7, 2016
*Updated: August 15, 2016 (* denotes change)*
Page Six


Limiting Conditions

Our report is based upon the information available to date. If additional information becomes available, we reserve the right to update and/or supplement this report.

In performing our analyses, we used and relied on the accuracy and completeness of various financial and other information produced by the parties or obtained from other private and public sources. However, we have not been engaged to compile, review, or audit such information in accordance with attestation-related standards established by the American Institute of Certified Public Accountants.

No one that worked on this engagement has any financial interest in the parties to this matter or the outcome of the analysis. Further, our fees are neither based nor contingent on the results of the analysis.

Our report is solely for use in the cited dispute, for the purpose stated herein, and is not to be referred to or distributed, in whole or in part, without prior written consent.

Sincerely,

Chris Peterson, CPA, CFE
Principal

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Case No. 15-148851-CB

VPH Pharmacy, Inc., et al. (Plaintiffs/Counter-Defendants) vs.

Vincent Howard (Defendant/Counter-Plaintiff/Third-Party Plaintiff)

## *SCHEDULES*

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Schedule A

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 6/6/2016
Updated: 8/15/2016 ( * denotes change)

Schedule A
Summary of Known Related Parties

| Ref. Line | Entity | Primary Ownership | Intercompany Activity |
|---|---|---|---|
| | **Operating Entity:** | | |
| 1 | VPH Pharmacy, Inc. ("VPH") | Nandan Patel | Pharmaceutical sales |
| | **Current VPH Vendors/Suppliers:** | | |
| 2 | Canalis Medical Pharmacy, LLC | Amee Patel | Sells drugs and supplies to VPH |
| 3 | Derosa Group, Inc. | Amee Patel | Provides staffing & management services to VPH |
| 4 | WellCare Consulting & Management | Amee Patel | Provides accounts payable and payroll services to VPH |
| 5 | Rosetta Group | Deven Patel * | Allocated management fees 2013, 2014, and 2015 |
| | **Previous VPH Vendors/Suppliers:** | | |
| 6 | Reliance Pharmacy | Deven Patel | Sold drugs and supplies to VPH prior to 2013 |
| 7 | Dynamic Consulting | Deven Patel * | Provided staffing to VPH through 8/2013 |
| 8 | The Dinovelli Group, Inc. | Deven Patel | Allocated management fees through 2013 |
| 9 | Trinity Medical | Deven Patel | Allocated management fees in 2013 |
| | **VPH Customers:** | | |
| 10 | Northwest Partners, LLC | Amee Patel | Nursing home facility - Detroit, MI |
| 11 | d/b/a Beaconshire Nursing Centre | | |
| 12 | Metro Man I, Inc. | Amee Patel | Nursing home facility - Detroit, MI |
| 13 | d/b/a Westwood Nursing Center | | |
| 14 | Chesaning Nursing and Rehabilitation Center | Amee Patel | Nursing home facility - Chesaning, MI |
| | **Other:** | | |
| 15 | Legacy Two Holdings * | Deven Patel * | Received $1.03 million advance to acquire Belle Fountain Nursing home facility - Riverview, MI prior to 2013* |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Schedule B, B-1

VPH Pharmacy, Inc.
Prepared By UHY Advisors, Inc.
Date: 6/6/2016

Updated: 8/15/2016 ( * denotes change)

Schedule B
Recap of Net Income (Loss)
Years Ended 2013, 2014 and 2015

| Ref. Line | Description | Year Ended 12/31/2013 | | Year Ended 12/31/2014 | | Year Ended 12/31/2015 * | | | | 3 Year Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Amount | % | Amount | % | Preliminary Amount | Adjustments - D. Patel * | Revised Amount * | % | Amount | % |
| 1 | Total Income | $ 16,738,549 | 100% | $ 15,869,802 | 100% | $ 13,259,215 | $ - | $ 13,259,215 | 100% | $ 45,867,566 | 100% |
| 2 | Cost of Goods Sold * | 10,784,564 | 64% | 10,160,848 | 64% | 9,359,824 | 145,624 | 9,505,448 | 72% | 30,450,860 | 66% |
| 3 | Gross Margin | 5,953,986 | 36% | 5,708,954 | 36% | 3,899,390 | (145,624) | 3,753,767 | 28% | 15,416,706 | 34% |
| 4 | Bad Debt Expense | 380,750 | 2% | 1,196,038 | 8% | - | - | - | 0% | 1,576,788 | 3% |
| 5 | Payroll Expense | 2,074,688 | 12% | 2,227,309 | 14% | 1,980,874 | - | 1,980,874 | 15% | 6,282,870 | 14% |
| 6 | Management Fee * | 2,055,000 | 12% | 1,505,000 | 9% | 1,147,000 | (145,500) | 1,001,500 | 8% | 4,561,500 | 10% |
| 7 | Other Expenses | 1,444,283 | 9% | 808,941 | 8% | 770,576 | 37 | 770,613 | 6% | 3,023,837 | 7% |
| 8 | Total Expenses | 5,954,721 | 36% | 5,737,288 | 36% | 3,898,450 | (145,463) | 3,752,987 | 28% | 15,444,995 | 34% |
| 9 | Net Income (Loss) | $ (735) | 0% | $ (28,334) | 0% | $ 940 | $ (161) | $ 780 | 0% | $ (28,290) | 0% |

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

Schedule B-1: Analysis of Bad Debt Expense and Allowance for Doubtful Accounts

| Ref. Line | Description | 12/31/2013 | 12/31/2014 | 12/31/2015 | 3 Year Total |
|---|---|---|---|---|---|
| | **Bad Debt Expense (a/c 6045)** | | | | |
| | Customer specific write-offs: | | | | |
| 1 | St. James Nursing & Physical Rehabilitation Center, Inc. | $ - | $ 338,551 | $ - | $ 338,551 |
| 2 | Shanta Corporation d/b/a St. Anne's Convalescent Center | - | 230,553 | - | 230,553 |
| 3 | Cadillac Nursing Homes, Inc. d/b/a St. Francis Nursing Center | - | 170,731 | - | 170,731 |
| 4 | St. Jude Nursing Center | - | 121,989 | - | 121,989 |
| 5 | Pre-Petition (St. Anne, St. Francis, St. Jude) | 214,000 | 151,000 | - | 365,000 |
| 6 | Customers in bankruptcy - subtotal | 214,000 | 1,012,824 | - | 1,226,824 |
| 7 | House Stock | - | 24,600 | - | 24,600 |
| 8 | Vista Maria | - | 152 | - | 152 |
| 9 | Backup Box | - | 1,635 | - | 1,635 |
| 10 | Customer specific write-offs | 214,000 | 1,039,211 | - | 1,253,211 |
| | Non-specific write-offs: | | | | |
| 11 | 1 % of Sales | 166,750 | 156,827 | - | 323,577 |
| 12 | Bad Debt Expense - Schedule B, line 4 | $ 380,750 | $ 1,196,038 | $ - | $ 1,576,788 |
| | **Proof - Allowance for doubtful accounts (a/c 1211):** | | | | |
| 13 | Beginning of Year | $ - | $ (380,750) | $ (1,576,788) | |
| 14 | Bad Debt Expense per above | (380,750) | (1,196,038) | - | |
| 15 | End of Year | $ (380,750) | $ (1,576,788) | $ (1,576,788) | |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Schedule C, C-1

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 6/6/2016

Updated: 8/15/2016 ( * denotes change )

Schedule C
Summary of Intercompany Accounts
Amounts Due from (to) Related Parties
2013 - 2015 Activity

| Ref. Line | Activity | Dynamic Consulting | Derosa Group, Inc. * | Rosetta Group * | Dinovelli Group, Inc. | Trinity Medical | Canalis Medical Pharmacy, LLC | Reliance Pharmacy | Amee Patel * | Legacy Two Holdings * | Total Due from (Due to) * |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Adjusted preliminary balance, 1/1/2013 | $ 360,210 | $ - | $ - | $ (1,735,910) | $ - | $ - | $ (352,837) | $ - | $ - | $ (1,728,537) |
| 2 | Fund transfers out (in) | 1,261,705 | 8,300,872 | 1,297,200 | - | - | (171,988) | - | 376,224 | - | 11,064,013 |
| 3 | Credit card charges - VPH expenses | - | (356,678) | (368,910) | - | - | - | - | 582 | - | (725,006) |
| 4 | Drug purchases - from VPH | - | - | - | - | 2,010 | 206,543 | - | - | - | 208,553 |
| 5 | Other activity - net | - | 154,054 | - | - | - | 9,718 | - | - | - | 163,772 |
| 6 | Bank/credit card activity - subtotal | 1,261,705 | 8,098,248 | 928,290 | - | 2,010 | 44,273 | - | 376,806 | - | 10,711,332 |
| 7 | Belle Fountain facility loan | - | - | - | - | - | - | - | 1,039,240 | - | 1,039,240 |
| 8 | VPH - Payroll charges | (535,538) | (4,977,376) | - | - | - | - | - | - | - | (5,512,914) |
| 9 | VPH - Management fee | - | (800,000) | (3,072,000) | (465,000) | (120,000) | (250,000) | - | - | - | (4,707,000) |
|  | VPH - Other expenses: |  |  |  |  |  |  |  |  |  |  |
| 10 | Drug purchases - by VPH | - | - | - | - | - | (613,517) | - | - | - | (613,517) |
| 11 | Accounting fees, computers, supplies | - | (26,500) | - | (73,470) | - | - | - | - | - | (99,970) |
| 12 | Preliminary balance, 12/31/2015. As previously reported by UHY, 6/7/2016 | 1,086,377 | 2,294,372 | (2,143,710) | (2,274,380) | (117,990) | (819,244) | (352,837) | 1,416,046 | - | (911,365) |
|  | Additional activity in 10/2015, and adjustments by D. Patel: * |  |  |  |  |  |  |  |  |  |  |
| 13 | Reclass of Belle Fountain facility loan * | - | - | - | - | - | - | - | (1,039,240) | 1,039,240 | - |
| 14 | Reclass of fund transfers out * | - | - | 378,531 | - | - | - | - | (378,531) | - | - |
| 15 | Reduce VPH Management Fees * | - | - | 145,500 | - | - | - | - | - | - | 145,500 |
| 16 | Additional transfers out - 10/2015 * | - | 21,000 | 66,000 | - | - | 50 | - | 55 | - | 87,105 |
| 17 | Ending balance, 12/31/2015 * | $ 1,086,377 | $ 2,315,372 | $ (1,553,678) | $ (2,274,380) | $ (117,990) | $ (819,194) | $ (352,837) | $ (1,670) | $ 1,039,240 | $ (678,760) |
| 18 | VPH general ledger a/c # | 2210 | 2224 | 2228/2406 | 2230 | 2401 | 2402 | 2400 | 2250 | 2407 |  |

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 6/6/2016
*Updated: 8/15/2016 ( * denotes change )*

## Schedule C-1
## Detail of Intercompany Accounts
## Amounts Due from (to) Related Parties
## 2013 - 2015 Activity

| Ref. Lines | Activity | Dynamic Consulting | Derosa Group, Inc. * | Rosetta Group * | Dinovelli Group, Inc. | Trinity Medical | Canalis Medical Pharmacy, LLC * | Reliance Pharmacy | Amee Patel * | Legacy Two Holdings * | Total Due from (Due to) * |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Beginning balance, 1/1/2013 | $ - | $ - | $ - | $ (965,200) | $ - | $ - | $ (352,837) | $ - | $ - | $ (1,318,037) |
| 2 | Opening Entry Journal Entry | 360,210 | | | (770,710) | | | | | | (410,500) |
| 3 | Adjusted preliminary balance, 1/1/2013 | 360,210 | | | (1,735,910) | | | (352,837) | | | (1,728,537) |
| 4 | Fund transfers out (in) | 1,261,705 | 1,248,000 | 756,000 | | | | | | | 3,265,705 |
| 5 | Credit card charges - VPH expenses | | | | | | | | | | - |
| 6 | Other activity - net | | | | | | | | | | - |
| 7 | Bank/credit card activity - subtotal | 1,261,705 | 1,248,000 | 756,000 | | | | | | | 3,265,705 |
| 8 | VPH payroll charges (1/1/13 - 8/31/13) | (535,538) | | | | | | | | | (535,538) |
| 9 | VPH payroll charges (9/1/13 - 12/31/13) | | (772,632) | | | | | | | | (772,632) |
| 10 | VPH Management Fee | | (200,000) | (1,020,000) | (465,000) | (120,000) | (250,000) | | | | (2,055,000) |
| 11 | Accounting fees, computers, supplies | | (26,500) | | (73,470) | | | | | | (99,970) |
| 12 | Balance 12/31/2013 | 1,086,377 | 248,868 | (264,000) | (2,274,380) | (120,000) | (250,000) | (352,837) | | | (1,925,972) |
| 13 | Fund transfers out (in) | | 3,864,072 | 275,200 | | | | | 49,487 | | 4,188,759 |
| 14 | Credit card charges - VPH expenses | | (111,336) | (198,624) | | | | | | | (309,960) |
| 15 | Drug purchases - from VPH | | | | | 2,010 | 175,280 | | | | 177,290 |
| 16 | Other activity - net | | 75,868 | | | | 9,718 | | | | 85,586 |
| 17 | Bank/credit card activity - subtotal | | 3,828,604 | 76,576 | | 2,010 | 184,998 | | 49,487 | | 4,141,675 |
| 18 | VPH - payroll charges (1/1/14 - 12/31/14) | | (2,223,869) | | | | | | | | (2,223,869) |
| 19 | VPH - Management Fee | | (475,000) | (1,030,000) | | | | | | | (1,505,000) |
| 20 | Belle Fountain - Loan | | | | | | | | 1,039,240 | | 1,039,240 |
| 21 | Balance 12/31/2014 | 1,086,377 | 1,378,603 | (1,217,424) | (2,274,380) | (117,990) | (65,002) | (352,837) | 1,088,727 | | (473,926) |

17-30077-dof    Doc 27    Filed 01/17/17    Entered 01/17/17 13:39:37    Page 88 of 119

Received for Filing Oakland County Clerk 2016 SEP 19 PM 02:11

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 6/6/2016
Updated: 8/15/2016  ( * denotes change )

**Schedule C-1**
**Detail of Intercompany Accounts**
**Amounts Due from (to) Related Parties**
**2013 - 2015 Activity**

| Ref Line | Activity | Dynamic Consulting | Derosa Group, Inc. * | Rosetta Group | Dinovelli Group, Inc. | Trinity Medical | Canalis Medical Pharmacy, LLC * | Reliance Pharmacy | Amee Patel * | Legacy Two Holdings * | Total Due from (Due to) * |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | Fund transfers out (in) | - | 3,188,800 | 266,000 | - | - | (171,988) | - | 326,738 | - | 3,609,550 |
| 23 | Credit card charges - VPH expenses | - | (245,342) | (170,286) | - | - | - | - | 582 | - | (415,046) |
| 24 | Drug purchases - from VPH | - | - | - | - | - | 31,263 | - | - | - | 31,263 |
| 25 | Other activity - net | - | 78,186 | - | - | - | - | - | - | - | 78,186 |
| 26 | Bank/credit card activity - subtotal | - | 3,021,643 | 95,714 | - | - | (140,725) | - | 327,320 | - | 3,303,952 |
| 27 | VPH payroll charges (1/1/15 - 12/31/15) | - | (1,980,875) | - | - | - | - | - | - | - | (1,980,875) |
| 28 | Drug Purchases - by VPH | - | - | - | - | - | (613,517) | - | - | - | (613,517) |
| 29 | VPH Management Fee | - | (125,000) | - | - | - | - | - | - | - | (125,000) |
| 30 | Balance 12/31/2015 (preliminary) | 1,086,377 | 2,294,372 | (1,121,710) | (2,274,380) | (117,990) | (819,244) | (352,837) | 1,416,046 | - | 110,635 |
| 31 | VPH Management Fee Payable | - | - | (1,022,000) | - | - | - | - | - | - | (1,022,000) |
| 32 | Preliminary balance, 12/31/2015 | 1,086,377 | 2,294,372 | (2,143,710) | (2,274,380) | (117,990) | (819,244) | (352,837) | 1,416,046 | - | (911,365) |
| | Additional activity in 10/2015, and adjustments by D. Patel: * | | | | | | | | | | |
| 33 | Reclass of Belle Fountain facility loan * | - | - | - | - | - | - | - | (1,039,240) | 1,039,240 | - |
| 34 | Reclass of fund transfers out * | - | - | 378,531 | - | - | - | - | (378,531) | - | - |
| 35 | Reduce VPH Management Fee Payable * | - | - | 145,500 | - | - | - | - | - | - | 145,500 |
| 36 | Additional transfers out - 10/2015 * | - | 21,000 | 66,000 | - | - | 50 | - | 55.00 | - | 87,105 |
| 37 | Ending balance, 12/31/2015 * | $ 1,086,377 | $ 2,315,372 | $ (1,553,678) | $ (2,274,380) | $ (117,990) | $ (819,194) | $ (352,837) | $ (1,670) | $ 1,039,240 | $ (678,760) |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Schedule D

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

Schedule D: Promissory Notes for Amounts due to Related Parties

| Ref. Line | Related Party | Amounts due to related parties as of 12/31/2015 (per Schedule C, line 17) | Amount of Promissory Note | Date of Promissory Note | Maturity Date of Promissory Note | Interest, accrued and payable monthly |
|---|---|---|---|---|---|---|
| 1 | Rosetta Group | $ (1,553,678) | $ (1,217,424) | 1/1/2015 | 12/31/2015 | 4% |
| 2 | The Dinovelli Group, Inc. | (2,274,380) | (2,274,380) | 1/1/2014 | 12/31/2014 | 4% |
| 3 | Trinity Medical | (117,990) | (117,990) | 1/1/2015 | 12/31/2015 | 4% |
| 4 | Canalis Medical Pharmacy, LLC | (819,194) | (615,518) | 12/11/2015 | 12/31/2016 | 4% |
| 5 | Reliance Pharmacy | (352,837) | (352,837) | 1/1/2014 | 12/31/2014 | 4% |
| 6 | Subtotal | (5,118,079) | $ (4,578,149) | | | |
| 7 | Amee Patel | (1,670) | | | | |
| 8 | | $ (5,119,749) | | | | |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Schedule E

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

Schedule E: Reconciliation of Payroll Expense (2014, 2015)

| Ref. Line | Period | Reported by Derosa Group | | Reported by VPH Pharmacy | |
|---|---|---|---|---|---|
| | | A | B | C = (A + B) | |
| | | Gross Earnings (1) | Employer Payroll Taxes (2) | Payroll Expense a/c 7310 | Due to Derosa Group a/c 2224 |
| 1 | January 2014 | $  159,613 | $  16,340 | $  175,953 | $  (175,953) |
| 2 | February | 178,257 | 17,440 | 195,697 | (195,697) |
| 3 | March | 166,357 | 15,411 | 181,768 | (181,768) |
| 4 | April | 231,641 | 19,316 | 250,958 | (250,958) |
| 5 | May | 158,242 | 12,319 | 170,560 | (170,560) |
| 6 | June | 158,750 | 11,180 | 169,930 | (169,930) |
| 7 | July | 161,563 | 11,240 | 172,803 | (172,803) |
| 8 | August | 148,999 | 9,653 | 158,652 | (158,652) |
| 9 | September | 155,358 | 10,057 | 165,415 | (165,415) |
| 10 | October | 233,627 | 15,693 | 249,319 | (249,319) |
| 11 | November | 153,914 | 10,519 | 164,433 | (164,433) |
| 12 | December | 157,655 | 10,725 | 168,380 | (168,380) |
| 13 | Total 2014 | $  2,063,976 | $  159,893 | $  2,223,869 | $  (2,223,869)  (3) |

Page 1 of 2

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

## Schedule E: Reconciliation of Payroll Expense (2014, 2015)

| Ref. Line | Period | Reported by Derosa Group | | Reported by VPH Pharmacy | |
|---|---|---|---|---|---|
| | | A | B | C = (A + B) | |
| | | Gross Earnings (1) | Employer Payroll Taxes (2) | Payroll Expense a/c 7310 | Due to Derosa Group a/c 2224 |
| 1 | January 2015 | $ 148,276 | $ 14,647 | $ 162,923 | $ (162,923) |
| 2 | February | 163,966 | 15,083 | 179,049 | (179,049) |
| 3 | March | 159,954 | 13,617 | 173,571 | (173,571) |
| 4 | April | 153,164 | 12,233 | 165,397 | (165,397) |
| 5 | May | 229,801 | 16,475 | 246,276 | (246,276) |
| 6 | June | 143,388 | 9,788 | 153,176 | (153,176) |
| 7 | July | 142,080 | 9,376 | 151,456 | (151,456) |
| 8 | August | 129,875 | 8,354 | 138,229 | (138,229) |
| 9 | September | 126,455 | 8,138 | 134,593 | (134,593) |
| 10 | October | 193,267 | 11,959 | 205,227 | (205,227) |
| 11 | November | 125,227 | 7,942 | 133,169 | (133,169) |
| 12 | December | 128,810 | 8,998 | 137,808 | (137,808) |
| 13 | Total 2015 | $ 1,844,263 | $ 136,612 | $ 1,980,875 | $ (1,980,875) (3) |

**Footnotes:**

(1) - Per bi-weekly General Ledger reports provided to HP & Associates from Paycor, Derosa's third party payroll company

(2) - Includes Social Security, Medicare, Federal Unemployment, and Michigan Unemployment

(3) - Agrees to Schedules C-1 Detail of Intercompany Accounts, page 1, line 18

Page 2 of 2

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Schedule F, F-1, F-2

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

## Schedule F: Reconciliation Summary of VPH Payroll Expense to Derosa Group's Tax Reporting

| Ref. Line | Description | 2014 | 2015 |
|---|---|---|---|
| 1 | Gross earnings per Form W-2 - Schedule F-1 | $ 1,702,816 | $ 1,481,894 |
| 2 | Nonemployee compensation per 1099 MISC - Schedule F-2 | 293,648 | 297,636 |
| 3 | **Subtotal** | 1,996,464 | 1,779,529 |
| 4 | Unreconciled amount | 67,512 | 64,734 |
| 5 | Gross Earnings - Schedule E, line 13, | $ 2,063,976 | $ 1,844,263 |
|  | (page 1 and page 2, respectively) | | |

*Disclaimer: Derosa Group was not able to provide UHY with Form W-3 Transmittal of Wage and Tax Statement and*
*Form 1096 Annual Summary and Transmittal of U.S. Information Returns.*
*Accordingly, we are unable to verify the accuracy and completeness of this reconciliation.*

VPH Pharmacy, Inc.
Prepared by UHV Advisors, Inc.
Date: 8/15/2016

## Schedule F-1: Form W-2 Wage and Tax Statement, Box 1, Wages, Tips and Other Compensation - Detail

| Ref_Line | Employee Last | Employee First | 2013 VPH | 2013 Derosa Group | 2013 Dynamic Consulting | 2013 Total | 2014 Derosa Group | 2015 Derosa Group | 3 Year Total |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Aldred | Ryan | $ 1,939.47 | $ | $ | $ 1,939.47 | $ | $ | $ 1,939.47 |
| 2 | Alexander | Isaiah | | 4,184.01 | | 4,184.01 | 10,852.31 | 10,430.28 | 25,466.60 |
| 3 | Alvarado | Kathryn | | | | | | 1,122.90 | 1,122.90 |
| 4 | Ark | Randall | | 103.56 | | 103.56 | | | 103.56 |
| 5 | Armstrong | Donna | 20,929.22 | 2,920.68 | | 23,849.90 | | | 23,849.90 |
| 6 | Ayre | John | | 23,989.04 | | 23,989.04 | 92,116.90 | 30,642.99 | 146,748.93 |
| 7 | Baird | Tiffany | | | 2,727.46 | 2,727.46 | | | 2,727.46 |
| 8 | Baker | Malika | | 7,097.73 | 13,281.05 | 20,378.78 | 17,027.92 | | 37,406.70 |
| 9 | Ballard | Jesse | | | 653.84 | 653.84 | | | 653.84 |
| 10 | Baloria | Darlene | | | | | | 9,396.99 | 9,396.99 |
| 11 | Barrak | Raghda | | | | | 10,234.13 | 1,586.43 | 11,820.56 |
| 12 | Bell | Samuel | | | | | 4,046.27 | | 4,046.27 |
| 13 | Block | Elizabeth | | 1,971.00 | | 1,971.00 | 2,950.60 | | 4,921.60 |
| 14 | Bolcer | Mary | | 4,461.54 | | 4,461.54 | 57,999.76 | 57,999.76 | 120,461.06 |
| 15 | Bradford | Rasha | | | 865.81 | 865.81 | | | 865.81 |
| 16 | Breedlove | Justin | 1,145.70 | | | 1,145.70 | | | 1,145.70 |
| 17 | Brown | Donika | | | | | 4,830.42 | | 4,830.42 |
| 18 | Burke | Jennifer | | | | | 26,328.45 | 40,617.80 | 66,946.25 |
| 19 | Burke | Randy | | | | | 1,592.98 | | 1,592.98 |
| 20 | Carrick | Gregory | | | | | | 9,766.60 | 9,766.60 |
| 21 | Cavounis | Jennifer | | 5,639.69 | | 5,639.69 | 7,436.03 | | 13,075.72 |
| 22 | Castillio | Leah | | | | | 4,270.83 | 32,500.00 | 36,770.83 |
| 23 | Chase | Cody | | | | | | 727.35 | 727.35 |
| 24 | Cherry | Cindy | 18,028.88 | 9,712.63 | | 27,741.51 | 21,849.92 | 2,685.00 | 52,276.43 |
| 25 | Christopher | Michael | | | | | | 13,665.45 | 13,665.45 |
| 26 | Clark | Corey | 2,238.30 | 4,760.83 | | 6,999.13 | 11,678.04 | | 18,677.17 |
| 27 | Cocke | Jacinda | | | | | 6,639.09 | 6,639.95 | 13,279.04 |
| 28 | Complan | Amanda | | 6,746.06 | 22,888.44 | 29,634.50 | | | 29,634.50 |
| 29 | Conely | Stacy | 7,685.41 | 8,995.75 | | 16,681.16 | 24,922.50 | 6,586.19 | 48,189.85 |
| 30 | Cook | Angela | | 1,559.85 | | 1,559.85 | 21,787.38 | | 23,347.23 |
| 31 | Corthion | Dwane | 10,179.27 | 5,711.63 | | 15,890.90 | 16,575.40 | 17,108.24 | 49,574.54 |
| 32 | Corthion | Maudrine | 11,581.20 | 11,317.71 | | 22,898.91 | 18,002.77 | 36,611.69 | 77,513.37 |
| 33 | Craker | Jeffrey | | 10,456.21 | 17,184.54 | 27,640.75 | 31,482.65 | 31,254.76 | 90,378.16 |
| 34 | Daenzer | Jennifer | | | | | | 33,314.11 | 33,314.11 |
| 35 | Davis | Diane | | | | | | 8,228.35 | 8,228.35 |
| 36 | Davis | Leticia | | | 9,667.73 | 9,667.73 | | | 9,667.73 |
| 37 | Davis | Vanessa | | | | | 5,746.87 | 24,691.65 | 30,438.52 |
| 38 | Deebajah | Eman | | | | | | 4,890.07 | 4,890.07 |
| 39 | Diehl | Erika | | 6,425.75 | 12,248.85 | 18,674.60 | 17,180.55 | 3,808.56 | 39,663.71 |
| 40 | Diem | Ashley | | | | | | 4,834.49 | 4,834.49 |

Page 1 of 5

Schedule F-1: Form W-2 Wage and Tax Statement, Box 1, Wages, Tips and Other Compensation - Detail

| Ref. Line | Employee Last | Employee First | 2013 VPH | 2013 Derosa Group | 2013 Dynamic Consulting | 2013 Total | 2014 Derosa Group | 2015 Derosa Group | 3 Year Total |
|---|---|---|---|---|---|---|---|---|---|
| 41 | Douglas | Brittany | - | 585.00 | - | 585.00 | - | - | 585.00 |
| 42 | Draheim | Christine | - | - | 16,676.64 | 16,676.64 | - | - | 16,676.64 |
| 43 | Dufelmeier | Brian | 2,698.71 | - | - | 2,698.71 | - | - | 2,698.71 |
| 44 | Dunn | Susan | - | - | - | - | 80.00 | - | 80.00 |
| 45 | Durrett | Lakeisha | - | - | - | - | 7,641.71 | 1,578.66 | 9,220.37 |
| 46 | Edwards | Anita | - | - | - | - | 2,119.93 | 2,234.98 | 4,354.91 |
| 47 | Erwin | Alex | - | 5,490.05 | - | 5,490.05 | 19,559.88 | 20,314.97 | 45,364.90 |
| 48 | Eskew | Taylor | - | 907.00 | - | 907.00 | 13,323.82 | - | 14,230.82 |
| 49 | Fagan | Taylor | 4,576.00 | 400.00 | - | 4,976.00 | - | - | 4,976.00 |
| 50 | Faupel | Jenny | - | - | 4,372.30 | 4,372.30 | - | - | 4,372.30 |
| 51 | Ferguson | Bobbi | - | - | 12,551.37 | 12,551.37 | - | - | 12,551.37 |
| 52 | Forman | Natashia | - | - | - | - | 11,650.02 | 26,077.41 | 37,727.43 |
| 53 | Gaby | Hollie | 14,935.49 | 8,405.14 | - | 23,340.63 | 30,153.18 | 33,535.87 | 87,029.68 |
| 54 | George | Annette | 2,684.62 | - | - | 2,684.62 | - | - | 2,684.62 |
| 55 | Sgallandt | Robert | 13,244.90 | - | - | 13,244.90 | - | - | 13,244.90 |
| 56 | Gibson | Wayne | - | - | - | - | 8,510.00 | - | 8,510.00 |
| 57 | Gilbert | Jerri | 9,190.89 | 4,727.61 | - | 13,918.50 | 7,656.48 | - | 21,574.98 |
| 58 | Gillespie | Megan | - | - | - | - | - | 6,730.82 | 6,730.82 |
| 59 | Griffin | Rebecca | - | 7,713.76 | 16,687.93 | 24,401.69 | 12,599.54 | - | 37,001.23 |
| 60 | Guice | Paulette | - | - | - | - | 300.00 | - | 300.00 |
| 61 | Hall | Matthew | 7,100.40 | 6,290.40 | - | 13,390.80 | 4,412.08 | - | 17,802.88 |
| 62 | Hapiak | Nicholas | - | - | - | - | 6,376.50 | - | 6,376.50 |
| 63 | Havermahl | Tammy | - | 2,413.53 | - | 2,413.53 | 826.65 | - | 3,240.18 |
| 64 | Hendriksen | Don | - | 5,239.98 | 10,925.70 | 16,165.68 | 14,937.48 | 10,243.10 | 41,346.26 |
| 65 | Hill | Rebecca | - | 3,712.23 | - | 3,712.23 | - | - | 3,712.23 |
| 66 | Hodges | Michelle | 11,611.92 | - | - | 11,611.92 | - | - | 11,611.92 |
| 67 | Hollowell | Kimeyata | 3,937.23 | 2,062.35 | - | 5,999.58 | - | - | 5,999.58 |
| 68 | Howell | Sandra | - | 32,646.00 | 30,785.50 | 63,431.50 | 16,937.50 | - | 80,369.00 |
| 69 | Hudson | Donika | - | 5,539.00 | 8,506.12 | 14,045.12 | - | - | 14,045.12 |
| 70 | Hughes | Deborah | - | - | - | - | - | 12,231.28 | 12,231.28 |
| 71 | Ilyas | Arif | - | - | - | - | 1,527.00 | - | 1,527.00 |
| 72 | Irshed | Rana | 755.63 | 5,672.19 | - | 6,427.82 | 20,511.31 | 8,896.72 | 35,835.85 |
| 73 | Irvine | Frances | 13,076.79 | 6,790.20 | - | 19,866.99 | 18,633.42 | 21,173.42 | 59,673.83 |
| 74 | Jabboury | Elissa | - | - | - | - | 3,076.61 | - | 3,076.61 |
| 75 | Jain | Sanjay | - | - | - | - | 99,325.51 | 109,636.35 | 208,961.86 |
| 76 | Jameson | Jennifer | - | 7,009.70 | 13,120.04 | 20,129.74 | 18,108.15 | 13,430.21 | 51,668.10 |
| 77 | Johnson | Michelle | - | - | - | - | 6,520.16 | 170.74 | 6,690.90 |
| 78 | Juarez-Naismith-Wills | Annette | 6,694.20 | 8,042.00 | - | 14,736.20 | 16,614.08 | - | 31,350.28 |
| 79 | Khindri | Varinder | 5,369.01 | - | - | 5,369.01 | - | - | 5,369.01 |
| 80 | Kiel | Allison | - | - | - | - | 5,831.02 | - | 5,831.02 |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 01:11

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

Schedule F-1: Form W-2 Wage and Tax Statement, Box 1, Wages, Tips and Other Compensation - Detail

| Ref Line | Employee Last | Employee First | 2013 | | | | 2014 | 2015 | 3 Year |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | VPH | Derosa Group | Dynamic Consulting | Total | Derosa Group | Derosa Group | Total |
| 81 | Kiel | Courtney | 6,179.50 | - | - | 6,179.50 | - | - | 6,179.50 |
| 82 | Kiel | Jarrith | 53,511.42 | 28,912.94 | - | 82,424.36 | 23,993.31 | - | 106,417.67 |
| 83 | Kiel | Maxwell | 2,677.40 | 5,589.83 | - | 8,267.23 | 5,793.62 | - | 14,060.85 |
| 84 | Kiel | Morgan | - | 5,805.69 | 12,452.48 | 18,258.17 | 6,910.11 | - | 25,168.28 |
| 85 | Kiel | Pamela | - | 5,616.66 | 9,301.04 | 14,917.70 | 2,105.76 | - | 17,023.46 |
| 86 | Kinch | Melissa | - | 148.68 | - | 148.68 | 18,100.65 | 20,474.64 | 38,723.97 |
| 87 | Korpi III | Norman | - | - | - | - | 78.57 | 64,023.30 | 64,101.87 |
| 88 | Labrake | Ashley | 36,051.34 | 16,712.14 | - | 52,763.48 | 57,895.35 | - | 110,658.83 |
| 89 | Lane | Jennifer | - | 9,217.33 | - | 9,217.33 | 31,049.80 | - | 40,267.13 |
| 90 | Lane | Patrick | - | - | - | - | 1,374.67 | - | 1,374.67 |
| 91 | Lash | Patricia | - | 5,056.85 | - | 5,056.85 | 14,633.70 | - | 19,690.55 |
| 92 | Ledesma | Heather | 130.32 | - | - | 130.32 | - | - | 130.32 |
| 93 | Lee | Eric | - | - | - | - | 68,274.91 | 111,337.89 | 179,612.80 |
| 94 | Lemon | Steven | 25,534.72 | 15,018.75 | - | 40,553.47 | 34,330.36 | 945.85 | 75,829.68 |
| 95 | Looney | Roleta | - | - | - | - | - | 4,902.49 | 4,902.49 |
| 96 | Ludwig | Darlene | - | 11,193.00 | 20,521.40 | 31,714.40 | 24,721.24 | - | 56,435.64 |
| 97 | Lue | Brooke | - | 8,973.23 | 13,718.84 | 22,692.07 | 26,158.72 | 30,102.32 | 78,953.11 |
| 98 | Luna | Tessa | - | - | - | - | 405.51 | 88.73 | 494.24 |
| 99 | Lunsted | Alana | - | - | - | - | - | 12,755.75 | 12,755.75 |
| 100 | Makranyi | Lisa | 6,904.71 | 10,201.03 | - | 17,105.74 | 31,453.40 | 27,533.82 | 76,092.96 |
| 101 | Mareddy | Madhuri | - | - | 24,360.66 | 24,360.66 | - | - | 24,360.66 |
| 102 | Marko | Lori | 1,842.64 | - | - | 1,842.64 | - | - | 1,842.64 |
| 103 | Martin | Mackenzie | 11,263.68 | 11,090.95 | - | 22,353.63 | 22,412.39 | - | 44,767.02 |
| 104 | Martin | Susan | - | 2,323.90 | 12,223.00 | 14,546.80 | - | - | 16,546.90 |
| 105 | Martin | Jania | 20,446.57 | 11,779.52 | - | 32,226.09 | 33,603.92 | 36,099.45 | 101,929.46 |
| 106 | McClain | Shanayta | - | - | - | - | 6,169.80 | 4,740.78 | 10,910.58 |
| 107 | McClain | Mandi | - | - | - | - | 4,537.50 | 33,546.15 | 38,083.65 |
| 108 | McGrath | Kimberly | 9,928.24 | 5,798.11 | - | 15,726.35 | - | - | 15,726.35 |
| 109 | McPherson | Raghavendra | 24,176.29 | 10,728.26 | - | 34,904.55 | 45,820.85 | 36,370.25 | 117,095.65 |
| 110 | Melgiri | Crystal | 5,222.00 | 10,058.68 | - | 15,280.68 | 13,305.93 | - | 28,586.61 |
| 111 | Mereles | Phillip | - | 8,812.50 | - | 8,812.50 | 15,510.00 | - | 24,322.50 |
| 112 | Mereles | Kim | 10,891.76 | 5,804.81 | - | 16,696.57 | 18,516.28 | 18,920.86 | 54,133.71 |
| 113 | Mohr | Tracey | - | - | - | - | 700.02 | - | 700.02 |
| 114 | Moore | Kristen | - | - | - | - | 562.93 | - | 562.93 |
| 115 | Morris | Devin | - | - | - | - | 10,682.00 | 16,409.84 | 27,091.84 |
| 116 | Nelson | Hanke | - | 8,370.69 | 15,558.03 | 23,928.72 | 23,637.03 | 28,045.67 | 75,611.42 |
| 117 | Nettles | Yolonda | 1,791.52 | - | - | 1,791.52 | - | - | 1,791.52 |
| 118 | Nichols | Shante | 6,914.09 | 3,964.52 | - | 10,878.61 | 10,018.44 | 8,066.80 | 28,963.85 |
| 119 | Nikia-Phylese Kelly | Taquasha | - | - | - | - | - | 1,435.65 | 1,435.65 |
| 120 | Norfleet | Ashley | 2,204.91 | 6,463.96 | - | 8,668.87 | 19,482.29 | 20,322.38 | 48,473.54 |

Received for Filing Oakland County Clerk 2016...

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

Schedule F-1: Form W-2 Wage and Tax Statement, Box 1, Wages, Tips and Other Compensation - Detail

| Ref_Line | Employee Last | Employee First | 2013 | | | | 2014 | 2015 | 3 Year |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | VPH | Derosa Group | Dynamic Consulting | Total | Derosa Group | Derosa Group | Total |
| 121 | Oakley | Valli | | | | | 528.24 | | 528.24 |
| 122 | Ollie | Stephanie | | | | | | 4,153.69 | 4,153.69 |
| 123 | Omalley | Kathleen | 4,159.71 | | | 4,159.71 | | | 4,159.71 |
| 124 | Parker | Tara | | 1,589.55 | | 1,589.55 | 24,029.94 | 8,395.81 | 34,015.30 |
| 125 | Patel | Bina | | 22,930.65 | 49,942.50 | 72,873.15 | 64,072.45 | 70,345.42 | 207,291.02 |
| 126 | Patel | Kalpeshkumar | | | 1,477.28 | 1,477.28 | | | 1,477.28 |
| 127 | Patel | Sachin | | 8,017.44 | 24,521.00 | 32,538.44 | | | 32,538.44 |
| 128 | Patel | Jaishree | | 6,678.00 | 16,219.54 | 22,897.54 | 24,804.00 | 24,804.00 | 72,505.54 |
| 129 | Pendleton | Tammy | | 6,782.72 | | 6,782.72 | 10,385.46 | | 17,168.18 |
| 130 | Perry | Suzanne | | 90.00 | | 90.00 | | | 90.00 |
| 131 | Pierce | Julie | | | | | | 2,094.95 | 2,094.95 |
| 132 | Pillen | Renee | 4,606.65 | 5,615.97 | | 10,222.62 | 14,499.90 | 7,776.64 | 32,499.16 |
| 133 | Pratt | Laura | | | | | | 7,838.45 | 7,838.45 |
| 134 | Prikasky | Tina | 2,676.33 | 7,648.05 | | 10,324.41 | 15,421.86 | | 25,746.27 |
| 135 | Regal | Randolph | 40,534.25 | 26,102.50 | | 66,636.75 | 70,503.25 | 51,807.50 | 188,947.50 |
| 136 | Rivett | Amanda | | | | | | 3,772.95 | 3,772.95 |
| 137 | Rooker | Ashleigh | 474.59 | | 11,085.38 | 11,559.97 | | | 11,559.97 |
| 138 | Sage | Tina | | | 2,139.18 | 2,139.18 | | | 2,139.18 |
| 139 | Salman | Abdullah | | | | | 1,540.22 | 3,197.35 | 4,737.57 |
| 140 | Senk | Deneice | 9,059.75 | 8,907.66 | | 17,967.41 | 1,789.36 | 14,887.55 | 34,644.32 |
| 141 | Shah | Hetalkumar | | | 5,550.00 | 5,550.00 | | | 5,550.00 |
| 142 | Shah | Neelam | 5,032.66 | 3,838.69 | 9,683.15 | 18,554.50 | | | 18,554.50 |
| 143 | Shaheen | Stephanie | | | | | 429.00 | | 429.00 |
| 144 | Sills | Vanessa | 14,288.84 | 441.80 | | 14,730.64 | | | 14,730.64 |
| 145 | Sipes | Chelsea | | 548.64 | | 548.64 | | | 548.64 |
| 146 | Smith | Courtany | | | | | | 4,991.86 | 4,991.86 |
| 147 | Smith | Latorie | | 6,048.60 | 9,737.82 | 15,786.42 | 17,446.97 | 15,886.36 | 49,119.75 |
| 148 | Smith | Joshua | | | | | 6,688.94 | | 6,688.94 |
| 149 | Strong | Swarna | | | 14,042.50 | 14,042.50 | | | 14,042.50 |
| 150 | Tadkonda | Oadma | 12,535.71 | | | 12,535.71 | | | 12,535.71 |
| 151 | Tejwani | Pinal | | | | | | 1,463.82 | 1,463.82 |
| 152 | Thakore | Darcel | | | | | | 19,868.88 | 19,868.88 |
| 153 | Thomas | Nichole | | | 1,734.93 | 1,734.93 | | | 1,734.93 |
| 154 | Thomas | Siranna | | | | | | 1,812.83 | 1,812.83 |
| 155 | Tipton | Veronica | 17,852.08 | 9,517.80 | | 27,369.88 | 27,962.24 | 22,657.83 | 77,989.95 |
| 156 | Turbeville | Charles | | | | | 813.78 | | 813.78 |
| 157 | Vana | Jessica | | | 11,714.43 | 11,714.43 | 2,765.23 | 1,977.43 | 16,457.09 |
| 158 | Vaughn | Brittany | | 7,034.38 | 15,596.16 | 22,630.54 | 156.20 | | 22,786.74 |
| 159 | Wagheshwari | Dhwanal | | | | | 294.00 | | 294.00 |
| 160 | Walker | Annette | | | 1,617.48 | 1,617.48 | | | 1,617.48 |

Page 4 of 5

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 8/15/2016

## Schedule F-1: Form W-2 Wage and Tax Statement, Box 1, Wages, Tips and Other Compensation - Detail

| Ref. Line | Employee Last | Employee First | 2013 | | | | 2014 | 2015 | 3 Year |
|---|---|---|---|---|---|---|---|---|---|
| | | | VPH | Derosa Group | Dynamic Consulting | Total | Derosa Group | Derosa Group | Total |
| 161 | Warsin | Catrina | - | - | 3,174.08 | 3,174.08 | - | - | 3,174.08 |
| 162 | Washington | Kevin | 6,772.20 | 7,320.95 | - | 14,093.15 | 20,055.40 | 25,219.04 | 59,367.59 |
| 163 | Washington | Staresa | - | 457.87 | - | 457.87 | 131.75 | - | 589.62 |
| 164 | Watkins | Christina | - | - | - | - | 405.27 | - | 405.27 |
| 165 | Weber | Annmarie | - | - | - | - | 3,255.10 | - | 3,255.10 |
| 166 | Whitcher | Rebecca | - | - | - | - | - | 13,443.45 | 13,443.45 |
| 167 | White | Sharita | 1,265.72 | 3,010.31 | - | 4,276.03 | - | - | 4,276.03 |
| 168 | Willett | Joann | 7,009.80 | 7,627.50 | - | 14,637.30 | - | - | 14,637.30 |
| 169 | Winston | Alan | 7,866.25 | - | - | 7,866.25 | - | - | 7,866.25 |
| 170 | Wolfe | Angela | - | - | - | - | - | 4,486.98 | 4,486.98 |
| 171 | Yonan | Jason | - | - | - | - | 763.63 | - | 763.63 |
| 172 | Zaia | Reem | 24,920.42 | 14,982.39 | - | 39,902.81 | 42,911.57 | 33,300.69 | 116,115.07 |
| 173 | Zaia | Vosta | 1,584.77 | 5,382.19 | - | 6,966.96 | 20,590.55 | 1,772.09 | 29,329.60 |
| 174 | Zelenbaba | George | 3,929.40 | - | - | 3,929.40 | - | - | 3,929.40 |
| 175 | Total | | $ 559,843.48 | $ 597,915.53 | $ 479,514.20 | $ 1,637,273.21 | $ 1,702,815.89 | $ 1,481,893.61 | $ 4,821,982.71 |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 7/19/2016

## Schedule F-2: 1099 MISC Miscellaneous Income, Box 7, Nonemployee compensation - Detail

| Ref. Line | Last Name | First Name | 2013 | | | | 2014 | 2015 | 3 Year |
|---|---|---|---|---|---|---|---|---|---|
| | | | VPH | Derosa Group | Dynamic Consulting | Total | Derosa Group | Derosa Group | Total |
| 1 | Alexander | Isaiah | $ - | $ - | $ - | $ - | $ 32.20 | $ - | $ 32.20 |
| 2 | Baker | Malika | - | - | - | - | 1,200.00 | - | 1,200.00 |
| 3 | Bard | John | 2,562.57 | 1,686.60 | - | 4,249.17 | - | - | 4,249.17 |
| 4 | Bentoski | Dennis | - | 400.00 | - | 400.00 | - | - | 400.00 |
| 5 | Blackstock | Brian | 4,515.57 | 5,912.01 | - | 10,427.58 | 15,927.21 | 18,649.17 | 45,003.96 |
| 6 | Boudreau | Rita | - | 2,452.95 | - | 2,452.95 | - | - | 2,452.95 |
| 7 | Breedlove | Justin | 773.37 | - | - | 773.37 | - | - | 773.37 |
| 8 | Burke | Randy | - | - | - | - | 2,272.93 | 12,330.21 | 14,603.14 |
| 9 | Cambell | Patrick | 17,065.60 | 16,520.00 | 541.35 | 34,126.95 | 55,767.81 | 60,819.00 | 150,713.76 |
| 10 | Civils | Monte | 12,400.30 | 11,660.00 | 210.60 | 24,270.90 | 30,520.00 | - | 54,790.90 |
| 11 | Cobb | David | 2,623.50 | - | 292.50 | 2,916.00 | - | - | 2,916.00 |
| 12 | Dean | Durand | - | 1,755.00 | - | 1,755.00 | 34,570.00 | 27,480.00 | 63,805.00 |
| 13 | Dunn | Susan | - | 380.00 | - | 380.00 | 2,000.00 | 10,909.44 | 13,289.44 |
| 14 | Forgie | Gerald | 2,134.59 | - | - | 2,134.59 | - | - | 2,134.59 |
| 15 | Guice | Paulette | - | - | - | - | 5,287.50 | 6,125.00 | 11,412.50 |
| 16 | Hahn | Patrick | 1,644.75 | 6,323.76 | - | 7,968.51 | 21,518.19 | 21,297.75 | 50,784.45 |
| 17 | Hodges | Michele | 3,868.96 | - | - | 3,868.96 | - | - | 3,868.96 |
| 18 | Hoskins | Michael | 9,019.89 | 5,300.10 | 599.40 | 14,919.39 | 15,293.16 | 15,347.52 | 45,560.07 |
| 19 | Kiel | Allison | 5,966.82 | 5,482.80 | - | 11,449.62 | 220.00 | - | 11,669.62 |
| 20 | Kinch | Melissa | - | - | - | - | 60.00 | - | 60.00 |
| 21 | Korpi III | Norman | 13,320.72 | 6,010.20 | 865.26 | 20,196.18 | 7,687.63 | - | 27,883.81 |
| 22 | Lawrence | Jill | 6,418.80 | 6,046.43 | 533.34 | 12,998.57 | - | - | 12,998.57 |
| 23 | Lawrence | Lester | 8,293.63 | 4,032.11 | 695.21 | 13,020.95 | 9,175.37 | 9,017.74 | 31,214.06 |
| 24 | Livingston | Marcia | 17,038.76 | 7,209.22 | - | 24,247.98 | - | - | 24,247.98 |
| 25 | Lue | Brooke | - | - | - | - | 40.75 | - | 40.75 |
| 26 | Ouhammou | Hakeem | 2,346.66 | 3,721.50 | - | 6,068.16 | 423.00 | - | 6,491.16 |
| 27 | Pointer | Randall | 288.00 | - | - | 288.00 | - | - | 288.00 |
| 28 | Ramos | Matt | - | - | - | - | 6,913.53 | 20,517.66 | 27,431.19 |
| 29 | Reed | Michael | - | - | - | - | 9,922.76 | 9,494.34 | 19,417.10 |
| 30 | Richardson | Katie | - | 5,430.00 | - | 5,430.00 | 74,708.00 | 83,035.05 | 163,173.05 |
| 31 | Robertson | James | 1,143.54 | - | - | 1,143.54 | - | - | 1,143.54 |
| 32 | Schwind | Robert | 5,070.96 | - | 666.00 | 5,736.96 | - | - | 5,736.96 |
| 33 | Smith | Warren | 5,433.75 | - | 661.50 | 6,095.25 | - | - | 6,095.25 |

Page 1 of 2

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

VPH Pharmacy, Inc.
Prepared by UHY Advisors, Inc.
Date: 7/19/2016

## Schedule F-2: 1099 MISC Miscellaneous Income, Box 7, Nonemployee compensation - Detail

| Ref. Line | Last Name | First Name | 2013 VPH | 2013 Derosa Group | 2013 Dynamic Consulting | 2013 Total | 2014 Derosa Group | 2015 Derosa Group | 3 Year Total |
|---|---|---|---|---|---|---|---|---|---|
| 34 | Turbeville | Veronica | - | - | - | - | 20.00 | - | 20.00 |
| 35 | Vanarsdale | Kevin | 861.66 | - | - | 861.66 | - | - | 861.66 |
| 36 | Weber | Anmarie | - | - | - | - | 88.00 | - | 88.00 |
| 37 | Willis | Paul | 6,777.16 | 1,538.01 | 675.74 | 8,990.91 | - | - | 8,990.91 |
| 38 | Wojcik | Michael | 1,098.90 | - | 326.25 | 1,425.15 | - | - | 1,425.15 |
| 39 | Wright | Callene | 881.19 | - | - | 881.19 | - | - | 881.19 |
| 40 | Hays | Aimee | - | - | - | - | - | 310.00 | 310.00 |
| 41 | Patterson | Brandon | - | - | - | - | - | 2,205.27 | 2,205.27 |
| 42 | Zala | Vosta | - | - | - | - | - | 97.50 | 97.50 |
| 43 | | | $ 131,549.65 | $ 91,860.69 | $ 6,067.15 | $ 523,125.53 | $ 293,648.04 | $ 297,635.65 | $ 820,761.18 |

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

# EXHIBIT E

**VPH PHARMACY, INC, ET AL,**
      **Plaintiffs,**

v.                                     **Case No. 15-148851-CB**
                                         **Hon. James M. Alexander**

**VINCENT HOWARD,**
      **Defendant.**
_____/

## OPINION AND ORDER RE: SUMMARY DISPOSITION

This matter is before the Court on Defendant Vincent Howard's Motion for Partial Summary Disposition. In 2005, Howard founded Plaintiff VPH Pharmacy as a closed-door pharmacy servicing institutional customers like nursing homes, long-term care facilities, and assisted-living facilities.

In October 2009, Howard and Plaintiff Deven Patel entered into an Option Agreement for the sale of VPH to Patel. Howard also agreed that Patel would operate VPH under a Management Agreement while deciding whether to exercise the purchase option. Patel operated VPH for almost a year before deciding to exercise his option to purchase VPH from Howard.

In connection with Patel acquisition of VPH, he and his designee, Shabhana Patel, executed a Promissory Note, Pledge Agreemetn, and Security Agreement. Patel, personally and by his agents and proxies, Shabhana Patel and Nandan Patel, have owned and managed VPH since that time.

Under the Note's terms, Patel paid all monthly payments between April 2010 and August 2015. Then, one day before the final balloon payment of $1,190,972.76 was due (September 1, 2015), Plaintiffs filed the present action generally on claims that Howard misused or misappropriated VPH's funds, mismanaged VPH, or created other liabilities for Plaintiffs.

Received for Filing Oakland County Clerk 2016 SEP 09 PM 02:13

Howard responded to the Complaint with his own counter- and third-party claims regarding alleged breaches of the note and security agreements and fraudulent misrepresentations.

On December 18, 2015, the Court entered an order appointing UHY Advisors as a MRE 706 Expert to conduct a forensic accounting of VPH. On June 7, 2016, UHY issued its Report that concluded that Patel and other VPH parties transferred and commingled VPH's assets to numerous other companies owned by Patel and his wife, Amee Patel. Howard claims that such transfers and commingling constitutes breaches of the security instruments, a cross-default of the note, and therefore, warrants summary disposition in Howard's favor on his breach of contract and conversion claims (Counts II, XI, and XII).

To this end, Howard now moves for partial summary disposition of said claims under MCR 2.116(C)(9) and (C)(10). MCR 2.116(C)(9) tests whether the defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery. Lepp v Cheboygan Area Schools, 190 Mich App 726 (1991). MCR 2.116(C)(10) tests the factual support for Plaintiff's claims. Maiden v Rozwood, 461 Mich 109, 120; 597 NW2d 817 (1999).[1]

In support of his motion, Howard attaches (amongst other things): (1) the Note; (2) the Pledge and Security Agreements; (3) his Affidavit; (4) the UHY Report, and (5) his written notice of default to the VPH parties.

Under the Court's August 4, 2016 Order, Plaintiffs were required to file a response brief by August 24, 2016. Plaintiffs, however, failed to file a response or present any evidence by this

---

1 Under (C)(10), "In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." Quinto v Cross & Peters Co, 451 Mich 358, 362; 547 NW2d 314 (1996), citing Neubacher v Globe Furniture Rentals, 205 Mich App 418, 420; 522 NW2d

2

Received for Filing Oakland County Clerk 2016 SEP 09 PM 02:13

deadline. Instead, Plaintiffs filed a cursory response on August 30, 2016 – without addressing its tardiness (much less establishing a showing of good cause). Because Plaintiffs' response was filed six days after the Court-ordered deadline, it will not be considered.

The Michigan Court of Appeals has held that:

> A party opposing a motion brought under C(10) may not rest upon the mere allegations or denials in that party's pleadings, but must by affidavit, deposition, admission, or other documentary evidence set forth specific facts showing that there is a genuine issue for trial. . . . [W]here the opposing party fails to come forward with evidence, beyond allegations or denials in the pleadings, to establish the existence of a material factual dispute, the motion is properly granted. McCormic v Auto Club Ins Ass'n, 202 Mich App 233, 237; 507 NW2d 741 (1993) (internal citations omitted).

As a result, the Court concludes that Plaintiffs fail to present any evidence contradicting Howard's claims, and as a result fail to establish a question of fact regarding Howard's entitlement to judgment as a matter of law. The Court, therefore, GRANTS Howard's motion for partial summary disposition under (C)(10) on his Counts II, XI, and XII and enters judgment against VPH Pharmacy, Deven Patel, Shabhana Patel, and Nandan Patel in the amount of $1,278,310.55 (as of August 1, 2016), plus interest (from said date) and attorney fees. Howard may present an appropriate judgment for entry.

This Order is a Final Order the resolves the last pending claim and closes the case.

**IT IS SO ORDERED.**

September 7, 2016          /s/ James M. Alexander
Date                       Hon. James M. Alexander, Circuit Court Judge

---

335 (1994).

3

Received for Filing Oakland County Clerk 2016 SEP 09 PM 02:13

# EXHIBIT F

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

                                      No 2:13-CR-20481-VAR-MKM
                                      Hon. Victoria Roberts

DEVENKUMAR. C. PATEL, a/k/a,
DEVAN PATEL,

        Defendant.

_____/

## MOTION TO EXTEND REPORTING DATE

NOW COMES the Defendant, Devenkumar C. Patel, by his attorney, Stuart

G. Friedman, and moves this Court to extend his reporting date for a period of 90

days. In support of this motion, the Defendant says that:

1.     He was convicted, by his own plea, of one count of distribution of a

controlled substance and one count of health care fraud.   21 U.S.C. Sec.

842(a)(1)(c); 18 U.S.C. Sec. 1347(1)(1).

2.     The factual basis for the offense (as set forth in the Rule 11

agreement) was that the Defendant was the beneficial owner of the Southfield

1

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Medical Pharmacy.  In his capacity as beneficial owner, the Defendant had the duty to insure that the prescriptions were filled in compliance with state and federal law, to assure that controlled substances were only dispensed pursuant to a valid prescription, and that claims were submitted to private insurers for reimbursement only for medications that were lawfully prescribed.  The Defendant stipulated under the agreement that between October, 2009 and June of 2010 the Defendant failed to supervise his employees thereby causing a specialty compounded cream known as A1 Topical cream to be dispensed.  This drug contained ketamine, a Scheduled 3 substance, without first obtaining a valid written or oral prescription from Dr. Mendiratta.

3.      Thereafter, Mr. Patel moved this Court to withdraw this plea.  The motion was denied on February 17, 2016.

4.      He appeared for sentencing on July 18th 2016.

5.      Given the absence of a criminal record, the non-violent nature of the offense and his very substantial cooperation and assistance to the government over a period of years, the Defendant reasonably anticipated that this Court would place him on probation or impose a less restrictive penalty than imprisonment in a federal institution.

6.      This is important in this case because Mr. Patel's preparations involve a complete restructuring of his family's businesses to deal with his absence.  He

2

was the chief operations officer of the nursing homes owned by his wife and she is not capable of operating them in his absence. Had prison not been imposed, Mr. Patel and his wife would not have sold these businesses.

7.      This Court imposed a sentence of 16 months imprisonment and fixed a reporting date of August 25, 2016.

8.      At all times mentioned, the Defendant's wife was the owner of three Michigan nursing homes that the Defendant was general operations manager.

9.      Two homes (Westwood Nursing Center and Beaconshire Nursing Centre) are in Detroit; the remaining home is in Chesaning Michigan. Collectively, the three homes employee 325 employees. Fifty individuals are employed at Chesaning. The remaining employees are at the two Detroit homes

10.     While Mr. Patel had done preliminary research and inquiries in the event of his incarceration, it was not reasonable for him to sign sales agreements for properties that would not have been sold. Further, it was only through these inquiries (coupled with analysis of the forfeited funds) that Mr. Patel concluded that he could not simply hire a health care administrator to run the businesses in his absence.

11.     During the weeks following sentencing Mr. Patel has made a concerted effort to put his business affairs in order. However, it has proved impossible to do so prior to the present reporting date.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

12.     As a result of the prison sentence, the Patel family has been forced to place the nursing homes on the "block" for sales.

13.     Defendant has met with and is in the process of retaining the services of a brokerage company (Marcus and Millichap which specializes in the sale of these homes and has had some interest in the sale of the homes.    Listing agreements have been signed and the agents are in the process of actively showing the businesses and are prepared to move forward with the transfer.

14.     The prospects of a sale on favorable terms are optimistic.  This would not only allow the employees of these businesses to keep their job, but would also provide the support needed for the Defendant's family while he is incarcerated.

15.     One buyer has indicated preliminary interest in one home.  Another has expressed interest in two more homes.

16.     Currently the three homes use a common system of records management, control, and information management.

17.     Defendant is overseeing the separation of the bookkeeping and computer systems, working on the preparation of the required Certificates of Need to transfer the business, and actively on a daily basis working on bringing the matter to a close.

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

18.     Defendant has executed non-disclosure agreements with various businesses concerning the sale, opened the books of the corporations for their review, and worked to insure that some 300 employees of these Detroit nursing homes will be offered first preference for the continuation of their jobs under new management.

19.     During the weeks following sentencing Mr. Patel has made a concerted effort to put his legal affairs in order. He has sought out and consulted appellate attorneys and retained Mr. Friedman on August 22, 2016 (the retainer agreement was electronically signed two days earlier).

20.     The case history is complex and much of the case history is not part of the court record because it is comprised of Mr. Patel's cooperation with the government.

21.     Further, a part of the record is presently sealed. Mr. Patel has yet to have an opportunity to fully discuss and explain the extensive case history to appellate counsel. Preparing and instructing appellate counsel while incarcerated in another state, while not impossible, would be difficult and burdensome and would invariably result in delays in pursuing appellate review.

22.     Counsel has already had two meetings with the Defendant and also met with his licensing and regulation counsel.

5

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

23.   Appellate counsel anticipates bringing a motion for bond pending appeal but needs more time to familiarize himself with the record, consult with Mr. Patel and predecessor counsels, and to identify the most meritorious issues and the most appropriate avenue for seeking relief prior to bringing a motion for bond.

24.   Given Mr. Patel's close ties to the community, the absence of any other criminal record, his history of appearances at all hearings in this case and compliance with all conditions of pre-trial release as well as his active, protracted and extensive cooperation with the government, there is no risk that Mr. Patel would fail to report were the he given an extension of the reporting date.

WHEREFORE the Defendant moves this Court to extend his reporting date for a period of 90 days.

Respectfully submitted,

/s/Stuart G. Friedman

STUART G. FRIEDMAN (P46039)
Attorney for Defendant
26777 Central Park Blvd., #300
Southfield, MI 48076
(248) 228-3322

DATED: August 23, 2016

6

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

## BRIEF IN SUPPORT OF
## MOTION TO EXTEND REPORTING DATE

Self-surrender is customary for individuals serving lesser sentences in this

District. In *United States v. Freeman-Payne*, No. 10-20235, 2015 WL 5302807, at

*1 (E.D. Mich. Sept. 10, 2015), the Court had granted the Defendant a sixty day

extension of time to self-surrender so that counsel could meet with the Defendant

and prepare for an expedited appeal. In the published case, the Court denied the

second request. Here, this is the Defendant's first request.

In this case, the Defendant requests not only an extension of time to meet

and confer with counsel but also to sell the properties outlined in the motion part of

this brief. The sixteen month controlling sentence is not particularly long. It is

important that the sentence be served for purposes of general and individual

deterence, but a minor alteration of the time line will not alter the deterrent impact

of the sentence.

The proposed extension will allow the Defendant ample time to "package"

his wife's businesses for divestment. This will provide the family the needed

money to live on and to repay debts incurred while this case was pending. The

delay will also help insure that the innocent employees of the three nursing homes

keep their jobs. As noted in the motion, the Defendant as part of the negotiation is

seeking first preferences for current employees to keep their jobs. While the new

7

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

employer will probably replace some of the management teams of these businesses, the majority of the employees will keep their jobs.

As was discussed in the motion portion of the brief, the family does not have the money to retain a replacement for the Defendant and keep the businesses afloat. Without the benefit of the Defendant at this critical juncture, it will be difficult to sell the businesses and the prices will be severely depressed.

Further complicating this matter is the fact that the Bureau of Prison prohibits inmates from conducting any business while incarcerated. This means that the Defendant cannot assist in the sale or the transition of the business from behind bars. He cannot join business conference calls, send CorrLink (prison)( mails concerning the businesses, and would be limited in his ability to even sign critical business documents.[1] The bar includes holding business related phone calls on the prison phones.[2] This rule has been upheld against constitutional challenge.[3]

The Defendant is not accused of any criminal activity during the course of his bail. He has not missed any reporting dates and has been advised by counsel that the custom in this court is to grant no more than one motion to extend.

---

[1] See BOP Program Statement 5270.09, R. 334 (conducting business in prison is a moderate
[2] *Wooten v. Patton*, No. CIV.A. 06-CV-40-HRW, 2006 WL 1635608, at *2 (E.D. Ky. June 7, 2006).
[3] *See* *Veatch v. Hawk-Sawyer*, No. 01-5066, 2001 WL 1154492, at *1 (D.C. Cir. Aug. 15, 2001).

8

Whether the Defendant serves from August 25, 2016 through Feburary 25, 2018, or from November 21, 2018 through May 23, 2018 is a distinction without a difference.

WHEREFORE the Defendant moves this Court to extend his reporting date for a period of 90 days.

Respectfully submitted,

/s/Stuart G. Friedman

_____

STUART G. FRIEDMAN (P46039)
Attorney for Defendant
26777 Central Park Blvd., #300
Southfield, MI 48076
(248) 228-3322

DATED:  August 23, 2016

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

## DECLARATION OF STUART G. FRIEDMAN

I STUART G. FRIEDMAN do hereby declare:

1.     I am an attorney licensed to practice law in this District since 1992.

2.     I make the allegations that I have made in this motion based on my information knowledge, and belief.

3.     This includes my review of non-disclosure agreements and other business documentation provided to me by the Defendant and/or individuals employed on his behalf.  Copies of the same will be shared with the United States Attorney and tendered to the Court at a hearing before the Court (if needed).  I have not attached them to this pleading based on the business sensitive nature of the same.

FURTHER DECLARANT SAYETH NOT.

Respectfully submitted,

/s/Stuart G. Friedman

_____

STUART G. FRIEDMAN (P46039)
Attorney for Defendant
26777 Central Park Blvd., #300
Southfield, MI 48076
(248) 228-3322

DATED:  August 23, 2016

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of this pleading was this day served on the US

Attorney's Office via the Court's ECF.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/Stuart G. Friedman

_____

STUART G. FRIEDMAN (P46039)
Attorney for Defendant
26777 Central Park Blvd., #300
Southfield, MI 48076
(248) 228-3322

</div>

DATED:  August 23, 2016

Received for Filing Oakland County Clerk 2016 SEP 19 PM 03:11

11