UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

VPH PHARMACY, INC.,                      Case No. 17-30077-dof
                                                     Chapter 7 Proceeding
                Debtor.                             Hon. Daniel S. Opperman
_____/

OPINION REGARDING MOTION TO COMPEL DEBTOR TO IMMEDIATELY PAY POST-PETITION OBLIGATIONS AND FOR ADMINISTRATIVE RENT CLAIM UNDER 11 U.S.C. §§ 365(d)(3) AND 503(b)(1) FILED BY CREDITOR SAAD RESOURCES, LLC

On June 28, 2017, the Court conducted a hearing on the Motion to Compel Debtor to pay post-petition rent and attorney fees as an administrative claim Saad Resources, LLC ("Saad") claims Debtor owes it under a Lease Agreement dated December 22, 2010. ("Lease"). At the conclusion of the hearing, the Court entered a Scheduling Order on July 5, 2017, to allow briefing on this limited issue of the amount of the attorney fees requested by Saad. After briefing on this limited issue concluded, the Court took this matter under advisement. For the reasons stated in this Opinion, the Court concludes that a final determination as to amount owed Saad cannot be made until the exact amount of an setoff Debtor may be entitled to is determined. The Court further denies Saad's Motion to the extent it requests that attorney fees be paid as an administrative claim.

Facts

The Lease between Debtor and Saad provided for rental of commercial property to allow Debtor to operate its business, a closed-door pharmacy located at 5376 Miller Road, Swartz Creek, Michigan. On January 13, 2017, Debtor filed a Chapter 11 bankruptcy petition, which was converted to Chapter 7 on June 30, 2017. Debtor continued to occupy the subject premises until approximately June 30, 2017. Debtor has not assumed or rejected the Lease. Saad claimed

1

$8,152.50 due and owing in post-petition rent as of the date of the filing of the instant Motion to Compel, and as of the June 28, 2017 hearing, post-petition rent and other charges climbed to $16,057.00. Per Exhibit 2, marked at the June 28, 2017 hearing, Saad claimed total attorney fees and costs of $12,017.90 as of that date.

As to whether attorney fees should be paid by Debtor, now Debtor's Chapter 7 bankruptcy estate, Saad directs this Court to 11 U.S.C. § 365(d)(3), as well as the following two paragraphs of the Lease[1]:

> 16. Default Except Rent
> If Lessee shall default in the fulfillment of any of the covenants and conditions hereof, except default in the payment of rent, Lessor may, at Lessor's option, after fifteen (15) days prior written notice to Lessee, make performance for Lessee and, for that purpose, advance such amounts as may be necessary. Any amounts so advanced, or any expense incurred or sum of money paid by Lessor by reason of the failure of Lessee to comply with any covenant, agreement, obligation, or provisions of this Lease or in defending any action to which Lessor may be subjected by reason of any such failure shall be deemed to be additional rental for the leased premises and shall be due and payable to Lessor on demand. The acceptance by Lessor of any monthly installment of rental hereunder shall not be a waiver of any other rental hereunder then due.
>
> If Lessee shall default in fulfillment of any of the covenants or conditions of this Lease (other than the covenants for the payment of rental or other amounts) and any such default shall continue for a period of fifteen (15) days after written notice from Lessor to Lessee, the Lessor may, at Lessor's option, terminate this Lease by giving Lessee notice of such termination and, thereupon, this Lease shall expire as fully and completely as if that day were the date definitely fixed for the expiration of the terms of this Lease, and Lessee shall then quit and surrender the leased premises, provided, however, if any such default requires more than fifteen (15) days to remedy and Lessee is proceeding to cure such default, Lessor shall not be entitled to terminate this Lease on account of such default unless Lessee fails to commence ongoing such default promptly and/or fails to prosecute the curing of such default to completion diligently.
>
> 17. Default in Rent: Insolvency of Lessee
> If Lessee shall default in the payment of the rental received hereunder, or any part thereof, or in making any other payment herein provided for, and any such default

---

[1] The copy of the Lease marked as Exhibit 1 at the June 28, 2017 hearing, is very difficult to read. Thus, any mistake in the Court's quotation of these Paragraphs is unintentional.

shall continue for a period of fifteen (15) days after written notice from Lessor to Lessee, or if the leased premises or any part thereof shall be abandoned or vacated, or if Lessee shall be dispossessed by or under authority other than Lessor, if Lessee shall file a voluntary petition for bankruptcy, or if Lessee shall file any petition or institute any proceeding under any insolvency or Bankruptcy Act (or any amendment thereto hereafter made) seeking to effect a reorganization or a composition with Lessee's creditors, or if (in the proceedings based on the insolvency of Lessee or relating to bankruptcy proceedings) a receiver or trustee shall be appointed for Lessee or the leased premises, or if any proceedings shall be commenced for the reorganization of Lessee, without further notice, and Lessor and Lessor's agents and servants may immediately, or at any time thereafter, re-enter the leased premises and remove all persons and property therefrom (by legal proceedings or by force or otherwise) without being liable to indictment, prosecution, or damage therefor, or without terminating this lease to recover the leased premises as aforesaid and in the event Lessor agrees to use Lessor's best efforts to re-rent said premises on behalf of the Lessee at whatever rent, for a term that may be more of less than the unexpired portion of the within Lease, and upon such other terms, provisions and conditions as Lessor deems advisable, supplying any moneys collected first to the payment of resuming or obtaining possession, and second to the payment of costs of placing the leased premises in rentable condition, third in the payment of any real estate commission incurred by Lessor in such re-renting and fourth, for the payment of any rental or other charges due hereunder and any other charges due Lessor. Lessee shall remain liable for any deficiency in rental which shall be paid upon demand therefor to Lessor.

Debtor and the Trustee oppose payment of any rent owing Saad, asserting that while post-petition rent may have been initially owed by Debtor, a set off exists for damages it has incurred due to Saad's noncompliance with the lease terms. Specifically, Debtor asserts "substantial damages" have occurred to the leased property, and that Debtor has paid over $40,000 to repair such damage, which should be a setoff against post-petition rent. Debtor and the Trustee also assert there is no statutory basis or contractual basis for the allowance of attorney fees as the terms of the Lease provide no mention of attorney fees.

3

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(a), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance or disallowance of claims against the estate), and (C) (counterclaims by the estate against persons filing claims against the estate).

## Law
### Administrative Claims Under Section 503(b)(1)(A)

"The Bankruptcy Code grants priority to certain administrative expenses, such as the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." *In re Sunarhauserman, Inc.*, 126 F.3d 811, 816 (6th Cir. 1997). "Claims for administrative expenses under § 503(b) are strictly construed because priority claims reduce the funds available for creditors and other claimants." *In re Federated Dept. Stores, Inc.*, 270 F.3d 994, 1000 (6th Cir. 2001) (citations omitted).

The "well-accepted 'benefit to the estate' test [ ] states that a debt qualifies as an 'actual, necessary' administrative expense only if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate." *In re Sunarhauserman, Inc.*, 126 F.3d 811, 816 (6th Cir. 1997) (citing *Employee Transfer Corp. v. Grigsby* (*In re White Motor Corp.*), 831 F.2d 106, 110 (6th Cir.1987)). "The benefit to the estate test limits administrative claims to those where the consideration for the claim was received during the post-petition period." *Id.* "[R]egardless of the substantive law on which the claim is based, the proper standard for determining that claim's administrative priority looks to when the acts giving rise to a liability took place, not when they accrued. *Id.* at 818.

4

### Debtor's Right to Setoff Pursuant to Section 558

Pursuant to 11 U.S.C. § 558, a debtor may offset a debt a creditor claims is owed by the Debtor. Section 558 states:

> The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

In order for a debtor to assert the defense of setoff under Section 558, the right must exist under state law as a defense. *State Bank of Florence v. Miller (In re Miller)*, 459 B.R. 657, 675 (B.A.P. 6th Cir. 2011) (quoting *In re PSA, Inc.*, 277 B.R. 51, 54 (Bankr. D. Del. 2002)). Michigan law, both statutory and case law, recognize the right to setoff. *Id.* at 675-76 (citing Mich. Comp. Laws Ann. § 600.111; *Walker v. Farmer Ins. Exch.*, 226 Mich. App. 75, 79, 572 N.W.2d 17, 19 (1997)). "In general, absent a statutory mandate authorizing a setoff in a particular circumstance, setoff is a matter in equity." *Walker*, 226 Mich. App. at 79.

### Recovery of Attorney Fees

The Lease at issue is to be construed under Michigan law. (Lease, ¶ 26). The well-settled law of contract interpretation requires the court to examine the plain language of the contract at issue. If the contract language is clear, the court must enforce the contract according to its plain meaning. *Clevenger v. Allstate Ins. Co.*, 443 Mich. 646, 654, 505 N.W.2d 553, 557 (1993). A party's alleged "reasonable expectations" cannot supersede the unambiguous language of the contract. *Wilkie v. Auto-Owners Ins. Co.,* 469 Mich. 41, 60, 664 N.W.2d 776, 786 (2003). If the contract is ambiguous, then the court should look to extrinsic evidence to determine the intent of the parties. *Id.* at 786. If the court cannot determine the parties' intent, the contract must be construed against the drafter. *Id.* at 786-87.

"Generally, attorney fees are not recoverable as an element of damages unless expressly allowed by statute, court rule, or common-law exception, or where provided by contract of the parties." *Grace v. Grace*, 253 Mich. App. 357, 370-71, 655 N.W.2d 595 (2002) (citations omitted). This follows what has been characterized as the "American rule" concerning attorney fees. *Popma v. Auto Club Ins. Ass'n*, 446 Mich. 460, 473-74, 521 N.W.2d 831 (1994) (analyzing the award of attorney fees under statute and common law).

<u>Analysis</u>

As an initial matter, and as conceded by the Debtor and the Trustee at the hearing on June 28, 2017, some amount is owed to Saad as an administrative expense for unpaid rent and related charges for the post-petition period. Continued occupancy by Debtor in the business property during the post-petition period is an actual and necessary cost of preserving the estate and the Debtor's operations and assets. However, the Debtor and the Trustee assert a set off exists for damages incurred due to Saad's noncompliance with the lease terms. Specifically, Debtor attaches to its response its state court Answer to Saad's Complaint for unpaid rent and related charges, which asserted affirmative defenses and a counterclaim against Saad. Also attached is the Affidavit of Amee Patel, dated January 9, 2017, in support of the affirmative defenses and counterclaim, which attests to "substantial damages to the leased premises, which Plaintiff failed to repair," causing Debtor "to incur significant expenses which should have been paid by the Plaintiff." (Affidavit of Amee Patel, ¶¶ 4 and 5, Exhibit B to Debtor's Response). Amee Patel further asserted in the Affidavit that "to repair the damage," the Debtor "incurred costs in excess of $40,000." (Affidavit of Amee Patel, ¶ 6).

6

Per Saad's counsel's statements at the June 28, 2017 hearing, Saad claims $16,057.00 is owed to it for post-petition rent and other charges as of that date.[2] At this stage, the amount claimed by Saad for rent and related charges is fairly certain as of June 28, 2017. The amount Debtor claims as a setoff under Section 558 and applicable state law is claimed to be $40,000.00, but Saad does not concede this amount, nor have sufficient proofs been presented to the Court as to the accuracy of this amount claimed by Debtor for damages. Thus, the Court cannot make a determination as to the amount of rent and related charges at this stage.

With the record before it, the Court can, however, determine the issue of whether Saad is entitled to attorney fees. The Court first addresses whether attorney fees are recoverable as an item of damage in the Lease.

Saad asserts two bases for the recovery of attorney fees. First, Saad directs this Court to the language of the Lease. As agreed to by the parties, Paragraphs 16 and 17 of the Lease are the only two possible applicable paragraphs. Reading both closely, the Court finds no specific allowance for attorney fees stated in either paragraph. Saad specifically directs this Court to the following provision in Paragraph 17 of the Lease, titled, "Default in Rent: Insolvency of Lessee," stating "in pertinent part that Lessor is entitled ' . . . payment of any rental or other charges due hereunder and any other charges due Lessor. Lessee shall remain liable for any deficiency in rental which shall be paid upon demand therefor to Lessor." (Saad's Post-hearing Brief, p. 2). The Court concludes it would be an unwarranted stretch to find attorney fees are part of the damages connected for either Debtor's non-rent related default (Paragraph 16), or rent related default (Paragraph 17). The Court will not read something into the Lease that is simply not there, keeping in mind the Lease under Michigan law is construed against Saad, as the drafter.

---

[2] It is unclear if rent is further accruing as Debtor asserted in its response, that it intended to vacate the business property as of June 30, 2017.

At the June 28, 2017 hearing, Saad's counsel pointed this Court to a decision of another Bankruptcy Court in this District, *In re Rojo One, LLC*, Case No. 16-54348. The Court has reviewed the docket in that case, and notes that it did involve a similar issue of a request for rent and attorney fees. The motion was brought by a different lessor, who was represented by the same counsel as Saad in this matter. That motion ultimately was resolved between the parties by Stipulation and Order entered on April 19, 2017; thus, the Court concludes that decision was not decided on the merits. Even if it had been decided by the Court on the merits, a review of the subject lease in that case, Paragraph 13.12(C), contains a clear provision for the payment of reasonable attorney fees in the event of default. The applicable language in *Rojo One* states:

> C. LEGAL EXPENSES: In case suit shall be brought for recovery of possession of the Demised Premises, for the recovery of rent or any other amount due under the provisions of this Lease, or because of the breach of any other covenant herein contained on the part of Tenant to be kept or performed, and a breach shall be established, Tenant shall pay to Landlord all expenses incurred therefor, including a reasonable attorney's fee.

In contrast, neither Paragraph 16 or 17 mention attorney fees or legal expenses as a possible item of damages for a breach of the Lease. Lacking this language, Saad is not contractually entitled to recover attorney fees and legal expenses.

Second, Saad argues that 11 U.S.C. § 365(d)(3) provides a statutory basis for its attorney fees. Section 365(d)(3) directs a trustee in the period prior to assumption or rejection of an unexpired lease of nonresidential real property to "timely perform all the obligations of the debtor . . . arising from and after the order for relief." Because the Court has determined there is no obligation of the Debtor under the Lease to pay attorney fees, there can be no statutory obligation to do so under Section 365(d)(3).

Conclusion

For the reasons stated in this Opinion, the Court concludes that Saad's Motion to Compel is denied to the extent of its request for attorney fees in connection with the Lease at issue. As to the amount of rent claimed due and owing to date, the Court holds that any rent owing is an administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A), but that the record is presently insufficient for the Court to make the final determination as to the amount owing because of the potential setoff claimed by Debtor and the Trustee. The Court will enter an appropriate order and schedule a status conference to address these open issues.

**Not for Publication**
**Signed on September 08, 2017**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**