**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

| | |
|---|---|
| In re: | Chapter 7 |
| VPH PHARMACY, INC., | Case No. 17-30077-dof |
| Debtor. | Hon. Daniel S. Opperman |

______________________________/

**CHAPTER 7 TRUSTEE'S MOTION TO SELL**
**VEHICLE, MEDICATION CARTS, AND CLEAN ROOM**

Samuel D. Sweet, Chapter 7 trustee ("Trustee") of the Debtor, through counsel, Wolfson Bolton PLLC, and for his *Motion to Sell Vehicle, Medication Carts, and Clean Room* ("Motion"), states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. § 1408 and 1409.

**BACKGROUND**

4. Debtor filed for relief under Chapter 11 of Title 11 of the United States Code on January 13, 2017 ("Petition Date") in the United States Bankruptcy Court for the Eastern District of Michigan – Flint ("Bankruptcy Court").

5. This case was converted from Chapter 11 to Chapter 7 on June 30, 2017 and Samuel D. Sweet was appointed Chapter 7 trustee. [Docket No. 298].

6. On August 23, 2017, the Court entered the *Order Regarding Surcharge of Cardinal Health's Collateral* ("Surcharge Order"). [Docket No. 381].

7. The assets of Debtor include, among other things, a 2008 Pontiac Vibe vehicle (Vin 5Y2SL65888Z411980), 25 medication carts, and a pre-fabricated clean room that is located at Debtor's former facility in Swartz Creek, Michigan (collectively, "Assets").

8. According to Kelley Blue Book, the resale value of a 2008 Pontiac Vibe is between $4,300 and $5,800.

9. New medication carts can range in price anywhere from $150 to $3,000. There are 25 used medication carts that the Trustee proposes to sell, which are located at the facilities of former VPH customers. The Trustee believes that the value of the used medication carts is approximately $40 per cart.

10. A new pre-fabricated clean room can cost a minimum of approximately $25,000. The clean room that is the subject of this Motion is used, and the purchaser is bearing the cost of removal, relocation, and re-

certification. Unless a clean room is certified for use, it is essentially worthless.

11. The Trustee has received an offer to purchase the Assets from Wynrose Consulting and Management LLC ("Purchaser") in exchange for $7,000. Purchaser will bear the sole cost and expense of removal/relocation of all Assets. In the event that the clean room Asset is certified for pharmaceutical use after it is moved, Purchaser will immediately pay to the Trustee an additional amount of $12,500 in immediately available funds. Purchaser shall share all certification testing with the Trustee and provide an affidavit from Purchaser as to the certification test results. In the event the clean room Asset is incapable of being certified for pharmaceutical use, Purchaser shall dispose of the clean room Asset and bear all cost and expense associated therewith.

12. For clarity, the medication carts and clean room Assets are subject to the Surcharge Order, but the Pontiac Vibe vehicle is not. Allocation of the purchase price to the Assets is set forth on Exhibit 6a.

13. Purchaser is owned by or otherwise affiliated with Amee Patel, who is an insider of Debtor.

14. The Trustee requests authority to sell the Assets to Purchaser pursuant to the Purchase Agreement attached as Exhibit 6a.

## RELIEF REQUESTED

15. The Trustee requests authority under 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004, to sell the Assets free and clear of all liens, claims, and encumbrances (collectively, "Liens") with all Liens attaching to the sale proceeds with the same validity, extent, and priority as immediately prior to the sale. In addition, the Trustee requests that the fourteen day stay of Fed. R. Bankr. P. 6004(h) be waived in connection with the proposed sale.

## BASIS FOR RELIEF REQUESTED

16. Section 363(b) of the Bankruptcy Code permits the Trustee, after notice and a hearing, to sell property of the estate, other than in the ordinary course of business. 11 U.S.C. § 363(b).

17. In approving a sale under 11 U.S.C. § 363(b), the Sixth Circuit Court of Appeals has held that there must be "some articulated business justification" supporting the decision to sell assets and that the court must consider "all salient factors" pertaining to the proposed sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986).

18. In this case, the sale of the Assets is supported by a reasonable and sound business justification.

19. The Trustee believes that the sale of the Assets to Purchaser is in the best interests of the Debtor's estate because it is the most efficient

way to maximize the value of the Assets. Specifically, the Trustee is receiving fair value in exchange for the Assets. The Trustee believes that the adjustable purchase price associated with the clean room is reasonable given the risk that the re-assembled clean room may not be certifiable for use. The fact that Purchaser is undertaking the cost and expense of moving the clean room, and the fact that the estate receives compensation regardless of whether the clean room is certifiable, is reasonable under the circumstances.

20. The Trustee and Purchaser have negotiated the terms of the sale in good faith and at arms-length.

21. The Trustee may sell all or any part of the Debtors' property free and clear of any and all liens, claims, or interests in the property if (a) the sale is permitted under applicable non-bankruptcy law; (b) the party asserting such a lien, claim, or interest consents to the sale; (c) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (d) the interest is the subject of a bona fide dispute; or (e) the party asserting the lien, claim, or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for its interest. 11 U.S.C. § 363(f).

22.    Cardinal Health holds a security interest in the medication carts and clean room and has agreed to a surcharge of proceeds from the sale pursuant to the Surcharge Order.

23.    The title to the Pontiac Vibe lists a first secured party as JPMorgan Chase Bank NA; however, the Trustee has been provided with evidence that JPMorgan Chase Bank NA has released its lien on the vehicle.  *See* Exhibit 6b.

24.    Lastly, the Trustee requests relief from the fourteen-day stay of Fed. R. Bankr. P. 6004(h) and that the order approving the Motion be effective immediately.  The purpose of Fed. R. Bankr. P. 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented.  *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).  While Fed. R. Bankr. P. 6004 is silent as to when the Court should "order otherwise" and eliminate the fourteen day stay requirement, Collier on Bankruptcy suggests that the "the court should eliminate the 14-day stay period and allow the sale or other transaction to close immediately in all cases where there has been no objection to the procedure."  10-6004 Collier on Bankruptcy P 6004.11.  All parties in interest will receive notice of this Motion and an opportunity to be heard.  This notice is appropriate to waive the fourteen day stay of Fed. R. Bankr. P. 6004(h).

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached as Exhibit 1 and grant the Trustee additional relief as is just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated:  November 22, 2017

By:   /s/ Anthony J. Kochis
      Scott A. Wolfson (P53194)
      Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI  48083
Telephone:  (248) 247-7105
Facsimile:  (248) 247-7099
E-Mail:  akochis@wolfsonbolton.com

## EXHIBIT INDEX

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice and Opportunity |
| Exhibit 3 | n/a |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | n/a |
| Exhibit 6a | Purchase Agreement |
| Exhibit 6b | JP Morgan Chase Lien Release |

Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

| | |
|---|---|
| In re: | Chapter 7 |
| VPH PHARMACY, INC., | Case No. 17-30077-dof |
| Debtor. / | Hon. Daniel S. Opperman |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO SELL VEHICLE, MEDICATION CARTS, AND CLEAN ROOM**

This matter having come before the Court upon the *Chapter 7 Trustee's Motion to Sell Vehicle, Medication Carts, and Clean Room* ("Motion");[1] the Court having reviewed the Motion; the Court having found that: (a) jurisdiction to consider the Motion is proper under 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (c) notice of the Motion was properly provided; (d) good cause exists to grant the relief requested in the Motion; (e) the relief requested in the Motion is in the best interests of the Debtor, the Debtor's estate, and creditors of the Debtor's estate; and (f) all objections, if any, to the Motion having been withdrawn, waived, settled, or overruled;

**IT IS HEREBY ORDERED** that:

1. The Motion is granted.

[1] Capitalized terms used but not defined in this Order have the meanings given to them in the Motion.

2.    The Trustee is authorized to sell the Assets to Purchaser pursuant to the terms of the Purchase Agreement.

3.    The Trustee is authorized to take any and all actions necessary to perform, consummate, implement and close the sale of the Assets as described in the Motion and Purchase Agreement.

4.    The sale of the Assets will be free and clear of all claims, liens, liabilities, interests, rights, and encumbrances, including, without limitation, security interests, conditional sale rights or other title retention agreements, pledges, judgments, demands, contract rights, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising before or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (individually, each a "Claim," and collectively, "Claims," and, as used in this Order, such term also includes, without limitation, any and all "claims" as that term is defined in 11 U.S.C. § 101(5)).

5.    Any Claim asserted against the Assets will attach to the consideration to be received by the Trustee with the same validity, force,

priority, and effect which the claimant now has against the Assets and subject to any and all claims and defenses the Trustee or other parties may possess with respect to such Claims.

6.     Any party's failure to object to the relief requested in the Motion is determined to be "consent" within the meaning of 11 U.S.C. § 363(f)(2).

7.     Upon payment in full of the purchase price for the Assets, all of the Trustee's and Debtor's right, title, and interest in the Assets will be immediately vested in Purchaser under 11 U.S.C. § 363(b) and 363(f) free and clear of all Claims.  Such transfer will constitute a legal, valid, binding and effective transfer of the Assets.

8.     All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Trustee to transfer the Assets in accordance with the Motion and this Order.

9.     Removal and relocation of the Assets will be at the risk and expense of Purchaser.

10.    This Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and to compel delivery and assignment of the Assets, to protect Purchaser against any Claims, and to enter orders, as appropriate, to transfer the Assets.

11.     This Order is effective immediately upon entry and is not subject to any stay, including under Fed. R. Bankr. P. 6004(h).

Exhibit 2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

| | |
|---|---|
| In re: | Chapter 7 |
| VPH PHARMACY, INC., | Case No. 17-30077-dof |
| Debtor. | Hon. Daniel S. Opperman |

______________________________/

**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION TO SELL VEHICLE, MEDICATION CARTS, AND CLEAN ROOM AND OPPORTUNITY TO RESPOND**

Samuel D. Sweet, Chapter 7 Trustee of Debtor ("Trustee"), through counsel, Wolfson Bolton PLLC, has filed papers with the Court requesting authority to sell a 2008 Pontiac Vibe vehicle (Vin 5Y2SL65888Z411980), 25 medication carts, and a pre-fabricated clean room that is located at Debtor's former facility in Swartz Creek, Michigan (collectively, "Assets"). The Trustee has received an offer to purchase the Assets from Wynrose Consulting and Management LLC ("Purchaser") in exchange for $7,000. Purchaser will bear the sole cost and expense of removal/relocation of all Assets. In the event that the clean room Asset is certified for pharmaceutical use after it is moved, Purchaser will immediately pay to the Trustee an additional amount of $12,500 in immediately available funds. Purchaser shall share all certification testing with the Trustee and provide an affidavit from Purchaser as to the certification test results. In the event the clean room Asset is incapable of being certified for pharmaceutical use, Purchaser shall dispose of the clean room Asset and bear all cost and expense associated therewith.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney you may wish to consult one.)**

If you do not want the court to grant the relief requested in the Motion, or if you want the court to consider your views on the Motion, within **21 days or a shorter period of time that the Court may order and which you will receive notice of**, you or your attorney must:

1. File with the court a written response of answer[1], explaining your position at:

United States Bankruptcy Court
226 West Second Street
Flint, Michigan 48502

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.
You must also mail a copy to:

Wolfson Bolton PLLC
Attn: Scott A. Wolfson
Anthony J. Kochis
3150 Livernois, Suite 275
Troy, MI 48083

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

[1] Any response or answer must comply with F. C. Civ. P. 8(b), (c), and (e).

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: November 22, 2017

By: /s/ Anthony J. Kochis
Scott A. Wolfson (P53194)
Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7105
Facsimile: (248) 247-7099
E-Mail: akochis@wolfsonbolton.com

Exhibit 4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

In re: Chapter 7

VPH PHARMACY, INC., Case No. 17-30077-dof

Debtor. Hon. Daniel S. Opperman

______________________________/

**CERTIFICATE OF SERVICE**

I certify that, on November 22, 2017, I caused the *Chapter 7 Trustee's Motion To Sell Vehicle, Medication Carts, And Clean Room* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants requesting electronic service, including the following:

Robert N. Bassel on behalf of Interested Party Shabana Patel and Deven Patel
bbassel@gmail.com, robertbassel@hotmail.com;ecfbassel@gmail.com

Leslie K. Berg (UST) on behalf of U.S. Trustee Daniel M. McDermott
Leslie.K.Berg@usdoj.gov

Douglas C. Bernstein on behalf of Creditor Omni Medical Supply, Inc.
dbernstein@plunkettcooney.com, ssherbow@plunkettcooney.com

David G. Dragich on behalf of Debtor In Possession VPH Pharmacy, Inc.
ddragich@dragichlaw.com

David G. Dragich on behalf of Defendant VPH Pharmacy, Inc.

ddragich@dragichlaw.com

Kevin Erskine on behalf of Creditor United States of America (CMS)
kevin.erskine@usdoj.gov,
michele.gangler@usdoj.gov;Karen.ducharme@usdoj.gov;Mary.compeau@usdoj.gov;Jack.Tubbs@usdoj.gov

Sherrie L. Farrell on behalf of Creditor HAP
sfarrell@dykema.com, mpearson@dykema.com;docket@dykema.com

Jerome D. Frank on behalf of Defendant Canali's Medical Pharmacy, LLC
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Defendant Derosa Group, Inc.
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Defendant Metro Man I, Inc.
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Defendant Northwest Partners, LLC
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Defendant The Wellcare Group, LLC
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Defendant Wellcare Consulting & Management, Inc.
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Defendant Amee Patel
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Interested Party Canali's Medical Pharmacy, LLC
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Interested Party Derosa Group, Inc.
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Interested Party Metro Man I, Inc.
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Interested Party Northwest Partners, LLC
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.com

Jerome D. Frank on behalf of Interested Party The Wellcare Group, LLC
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.c

om

Jerome D. Frank on behalf of Interested Party The Winrose Plus Group, LLC
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.c
om

Jerome D. Frank on behalf of Interested Party Wellcare Consulting & Management, Inc.
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.c
om

Jerome D. Frank on behalf of Interested Party Amee Patel
FrankandFrank@comcast.net,
jfrank@frankfirm.com;admin@frankfirm.com;G18224@notify.cincompass.c
om

Matthew W. Frank on behalf of Defendant Canali's Medical Pharmacy, LLC
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Matthew W. Frank on behalf of Defendant Derosa Group, Inc.
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Matthew W. Frank on behalf of Defendant Metro Man I, Inc.
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Matthew W. Frank on behalf of Defendant Northwest Partners, LLC
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Matthew W. Frank on behalf of Defendant The Wellcare Group, LLC
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Matthew W. Frank on behalf of Defendant Wellcare Consulting & Management, Inc.
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Matthew W. Frank on behalf of Defendant Amee Patel
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Matthew W. Frank on behalf of Interested Party The Winrose Plus Group, LLC
frankandfrankpllc@gmail.com,
mfrank@frankfirm.com;admin@frankfirm.com

Paul R. Hage on behalf of Creditor Cardinal Health 110, LLC
phage@jaffelaw.com, jtravick@jaffelaw.com

Thomas John Kelly, Jr. on behalf of Creditor Committee Official Unsecured Creditors Committee of VPH Pharmacy, Inc.
tkelly@wolfsonbolton.com, stravis@wolfsonbolton.com

Anthony J. Kochis on behalf of Attorney Wolfson Bolton PLLC
akochis@wolfsonbolton.com, stravis@wolfsonbolton.com

Anthony J. Kochis on behalf of Creditor Committee Official Unsecured Creditors Committee of VPH Pharmacy, Inc.
akochis@wolfsonbolton.com, stravis@wolfsonbolton.com

Anthony J. Kochis on behalf of Plaintiff Samuel D. Sweet
akochis@wolfsonbolton.com, stravis@wolfsonbolton.com

Anthony J. Kochis on behalf of Trustee Samuel D. Sweet
akochis@wolfsonbolton.com, stravis@wolfsonbolton.com

Richard E. Kruger on behalf of Creditor Cardinal Health 110, LLC
rkruger@jaffelaw.com, dgoldberg@jaffelaw.com

Scott Kwiatkowski on behalf of Creditor Vincent P. Howard
scott@bk-lawyer.net

Scott Kwiatkowski on behalf of Plaintiff Vincent Howard
scott@bk-lawyer.net

Judith Greenstone Miller on behalf of Creditor Cardinal Health 110, LLC
jmiller@jaffelaw.com, dgoldberg@jaffelaw.com

Jason M. Milstone on behalf of Creditor Consumers Energy Company
bankruptcyfilings@cmsenergy.com

Geoffrey J. Peters on behalf of Creditor CIT Finance, LLC
gpeters@weltman.com, ecfedm@weltman.com

John T. Piggins on behalf of Creditor H. D. Smith Wholesale Drug Co.
ecfpigginsj@millerjohnson.com, pigginsj@millerjohnson.com

John T. Piggins on behalf of Defendant H.D. Smith, LLC
ecfpigginsj@millerjohnson.com, pigginsj@millerjohnson.com

Aaron J. Scheinfield on behalf of Creditor Saad Resources, LLC
aaron@bk-lawyer.net, jennifer@bk-lawyer.net

Aaron J. Scheinfield on behalf of Creditor Vincent P. Howard
aaron@bk-lawyer.net, jennifer@bk-lawyer.net

Samuel D. Sweet
ssweet@trusteesweet.us, jwill@trusteesweet.us;ss125@trustesolutions.net

Samuel D. Sweet
ssweet@trusteesweet.us, jwill@trusteesweet.us;ss125@trustesolutions.net

Andrew C. Thompson on behalf of Creditor Genesee County Treasurer
AThompson@pdkg.com

Amanda Carol Vintevoghel on behalf of Debtor In Possession VPH Pharmacy, Inc.
avintevoghel@dragichlaw.com, avintevoghel@hotmail.com

Amanda Carol Vintevoghel on behalf of Defendant VPH Pharmacy, Inc.
avintevoghel@dragichlaw.com, avintevoghel@hotmail.com

Scott A. Wolfson on behalf of Creditor Committee Official Unsecured Creditors Committee of VPH Pharmacy, Inc.
swolfson@wolfsonbolton.com, stravis@wolfsonbolton.com

Scott A. Zuber on behalf of Creditor Cardinal Health 110, LLC
szuber@csglaw.com

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: November 22, 2017

By: /s/ Anthony J. Kochis
Scott A. Wolfson (P53194)
Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7105
Facsimile: (248) 247-7099
E-Mail: akochis@wolfsonbolton.com

**PURCHASE AGREEMENT**

This Purchase Agreement ("Agreement") is into entered on the Effective Date (defined below) by and between Samuel D. Sweet, Chapter 7 Trustee of VPH Pharmacy, Inc. ("Trustee") and Wynrose Consulting and Management LLC, a Michigan limited liability company ("WCM").

RECITALS

A. Debtor VPH Pharmacy, Inc. filed for relief under Chapter 11 of Title 11 of the United States Code on January 13, 2017 in the United States Bankruptcy Court for the Eastern District of Michigan – Flint ("Bankruptcy Court").

B. On June 30, 2017, the Court converted Debtor's case from Chapter 11 to Chapter 7 and Samuel D. Sweet was appointed Chapter 7 trustee. [Docket No. 298].

C. On August 23, 2017, the Court entered the *Order Regarding Surcharge of Cardinal Health's Collateral* ("Surcharge Order"). [Docket No. 381].

D. The Trustee desires to sell, and WCM desires to purchase, the Assets (as defined below) subject to the terms of this Agreement.

NOW, THEREFORE, it is mutually agreed between the parties, in consideration of their respective covenants and agreements herein contained, as follows:

1. Property to be Sold. The Trustee agrees to sell the following VPH Pharmacy, Inc. assets to WCM (collectively, "Assets"):

- One 2008 Pontiac Vibe, Vin 5Y2SL65888Z411980
- Twenty-five medication carts
- One clean room located at Swartz Creek location

For clarity, the medication carts and clean room Assets are subject to the Surcharge Order, but the Pontiac Vibe vehicle is not. Allocation of the purchase price to the Assets is set forth on Exhibit A.

2. Trustee's Disclaimer of Representations and Warranties. WCM acknowledges and agrees that neither the Trustee nor any person or entity purporting to act on the Trustee's behalf has made any representations or warranties, express or implied, as to the condition of the Assets except that the Trustee will seek Bankruptcy Court approval to transfer the Assets free and clear to WCM. The Assets will be conveyed and transferred as is, where is, and with all faults and without any representations or warranties (all of which Trustee disclaims) as to quality, authenticity, physical condition, or any other matter affecting or relating to the Assets. WCM will bear the cost and expense of removal/relocation of the Assets.

3. Purchase Price. Upon entry of a Bankruptcy Court order approving this Agreement ("Effective Date"), WCM will deliver to the Trustee a check in the amount of $7,000 in immediately available funds. Within sixty days of the Effective Date, WCM will seek to have the clean room Asset certified for pharmaceutical use. In the event that the clean room Asset is certified for pharmaceutical use, WCM will immediately pay the additional amount of $12,500 to the Trustee in immediately available funds. WCM shall share all certification testing with the Trustee and provide an affidavit from WCM as to the certification test results. In the event the clean room Asset is incapable of being certified for pharmaceutical use, WCM shall immediately dispose of the clean room Asset and bear all cost and expense associated therewith. All

payments must be payable to Samuel D. Sweet, Chapter 7 bankruptcy trustee of VPH Pharmacy, Inc. and shall be mailed to Samuel Sweet, Esq. at P.O. Box 757, Ortonville, MI 48462.

4. Title. On the Effective Date, the Trustee agrees to provide WCM with, and WCM agrees to accept, a Trustee bill of sale for the Assets.

5. Entire Agreement. This Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof and may only be amended or modified in a writing signed by the parties to be bound. If the Bankruptcy Court does not approve this Agreement, this Agreement will be null and void.

6. Execution. This Agreement may be executed in counterparts and facsimile or electronic copies of signatures to effectuate the intent and purpose of this Agreement. Such counterparts and copies of signatures will have the same force and effect as originals. This Agreement will not be effective until executed and delivered by all of the parties hereto.

7. Additional Acts. Each party agrees to execute such documents and undertake such acts as are necessary to effectuate the intent and purpose of this Agreement.

8. No Third Party Beneficiaries. This Agreement and the rights and interests of the parties under this Agreement are intended to benefit solely the parties.

9. Joint Negotiation. The parties agree that this Agreement was negotiated jointly by the parties and their respective counsel and will not be construed against either party as the drafter.

10. Authorization. Each party hereto acknowledges, represents, and warrants that each has read this Agreement in its entirety; each has apprised itself of sufficient information to intelligently decide whether to execute this Agreement; each party's decision to execute this Agreement is not predicated on or influenced by any declarations or representations not set forth in this Agreement; each clearly understands this Agreement and each of its terms; each fully and unconditionally consents to the terms of this Agreement freely, voluntarily, with knowledge, and without duress; not party is relying upon any other representations, written or oral, express or implied, made by any person; the consideration is actual and adequate; each is duly authorized to execute this Agreement; and those persons executing this Agreement warrant that they have the power and authority to execute this Agreement.

11. Governing law. Michigan law will govern any dispute related to this Agreement.

12. Retention of Jurisdiction. The Bankruptcy Court retains jurisdiction with respect to any dispute arising from or related to this Agreement.

**13. JURY TRIAL WAIVER. THE PARTIES ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT, BUT THAT THIS RIGHT MAY BE WAIVED. EACH PARTY WAIVES ALL RIGHTS TO A TRIAL BY JURY OF ALL DISPUTES ARISING OUT OF OR IN RELATION TO THIS AGREEMENT. NO PARTY WILL BE DEEMED TO HAVE RELINQUISHED ITS WAIVER OF JURY TRIAL UNLESS THAT PARTY DOES SO IN WRITING.**

WHEREFORE, this Agreement has been signed and executed by the parties as of the Effective Date.

**Samuel D. Sweet, Chapter 7 Trustee of VPH Pharmacy, Inc.**

____________________________

**Wynrose Consulting and Management LLC**

By: ____________________________

Its: Amee Patel.

Exhibit A: Purchase Price Allocation

**EXHIBIT A – PURCHASE PRICE ALLOCATION**

One 2008 Pontiac Vibe, Vin 5Y2SL65888Z411980 - $5,000
Twenty-five medication carts - $1,000
One clean room located at Swartz Creek location - $1,000; plus additional $12,500, if applicable

Chase Auto Finance
PO Box 901076
Ft Worth, TX 76101-2076

Exhibit 6b

CHASE

November 06, 2017

LIEN SATISFIED

JPMorgan Chase Bank, N.A. acknowledges its lien against the following vehicle has been fully satisfied:

YEAR: '08 MAKE: PONTIA VIN: 5Y2SL65888Z411980

Chase customer name(s):
Vph Pharmacy
Vincent Howard

(Signed) ______________________ Jesse M Alonzo
Authorized Representative of: Specialist

JPMorgan Chase Bank, N.A.
1-800-336-6675

State of Texas

County of Tarrant County

This instrument was acknowledged before me on NOV 06 2017 (date) by Jesse M Alonzo (print name of individual(s)).

ASHLEY R. WILLIAMS
Notary Public, State of Texas
Comm. Expires 11-08-2018
Notary ID 128412341

______________________
Signature of Notarial Officer

Notary
______________________
Title (e.g., Notary Public, County Clerk, Attorney)

My commission expires NOV 08 2018

DSR115


JPMorgan Chase Bank, N.A. is a national banking association organized under laws of the United States and having a place of business at 14800 Frye Road, TX1-0011, Fort Worth, Texas 76155. Please be advised of the following:

1. Through a combination of mergers, acquisitions and corporate reorganizations, JPMorgan Chase Bank, N.A. is the successor in interest of the following entities:

Bank One, NA
Bank One, Colorado, NA
Bank One, Kentucky, NA
Bank One, Columbus, NA
Bank One, Illinois, NA
Bank One, Texas, NA
Bank One, Arizona, NA
Bank One, Louisiana, NA
Bank One, Indiana, NA
Bank One, Indianapolis, NA
Bank One, Chicago, NA
Bank One, Wisconsin
Bank One, Milwaukee, NA
Bank One, Utah, NA
Bank One, Oklahoma, NA
The First National Bank of Chicago
Bank One, Rockford, NA
Bank One, Oklahoma City, NA
Bank One, Akron, NA
Bank One, West Virginia, NA
Bank One, Michigan
Bank One Wheeling-Steubenville, NA
Liberty Bank & Trust Company, of Oklahoma City, NA
Rapides Bank & Trust Company in Alexandria
NBD Bank
J.P. Morgan Trust Company, National Association

The Valley National Bank of Arizona
Bank One, Dayton, NA
Bank One, Cleveland, NA
Bank One, Marion(OH)
Bank One, Marion, Indiana, National Association (IN)
The First National Bank of Lafayette
The First National Bank of Lake Charles
Premier Bank, NA
The Ouachita National Bank in Monroe
Central Bank
The First National Bank of Shreveport
The First National Bank of Commerce
Louisiana National Bank of Baton Rouge
Banc One Credit Company
Bank One, Youngstown, NA
The Central Trust Company of Southeastern Ohio, NA
Home Savings of America, FSB
Summit Savings Bank
Great Northwest Bank, A Savings Bank
Great Western Bank
Utah Federal Savings Bank
Enterprise Bank
Pacific First Bank, A FSB
Sound Savings and Loan Association
Shoreline Savings Bank
Commercial Capital Bank, FSB

Bank United
Industrial Bank
Western Bank
Olympus Bank, a Federal Savings Bank
Pioneer Savings Bank
The Dime Savings Bank of New York, FSB
Providian National Bank
Commercial Capital Bank, FSB
Chemical Bank
JPMorgan Chase Bank
JPMorgan Chase Bank, NA
Texas Commerce Bank, National Association
Chase Auto Finance Corp.
Chase Manhattan Automotive Finance Corp.
First USA Bank, National Association
The Chase Manhattan Bank, National Association
The Chase Manhattan Bank
Manufacturers Hanover Trust Company
Chase Bank of Texas, National Association
Morgan Guaranty Trust Company of New York
Washington Mutual Bank, Henderson, Nevada
Washington Mutual Bank FSB, Park City, Utah (subsidiary of Washington Mutual Bank)
Bank One, National Association (Chicago, IL)
Bank One, National Association (Columbus, OH)
JPMorgan Bank and Trust Company, National Association

2. On September 25, 2008, JPMorgan Chase Bank, N.A. acquired substantially all of the assets and assumed certain liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation in its capacity as receiver of Washington Mutual Bank.

JPMORGAN CHASE BANK, N.A.

BY: Susan N Sibley Title: Vice President Date: 5-10-2016
Signature of Acknowledger — Acknowledger's Title

ACKNOWLEDGMENT

STATE OF Texas

COUNTY OF Tarrant

This instrument was acknowledged before me on 5/10/16 (Date) by Susan N Sibley (Name(s) of Person(s))

KIMI L BOROWY
Notary ID # 10333105
My Commission Expires
October 27, 2019
(Seal)

[signature]
Signature of Notarial Officer)

Notary's Title Sr Admin Asst.

My commission expires 10/27/19